STATE OF MISSOURI *ex rel.* J. W. MOORE, CIRCUIT ATTORNEY, Plaintiff in Error, *v.* W. H. LUSK, Defendant in Error.

1. *Officer, acceptance of office incompatible with another office— Offices of county and circuit clerk not incompatible.* — The acceptance, by the incumbent of one office, of another, and one whose duties are incompatible in law therewith, will vacate the former. But the duties of clerk in one court are not incompatible with those of another simply because the two courts may hold their sessions at the same time. The offices of clerk in the Circuit and County Courts having been long and notoriously held in various parts of this State by the same person, without legislation relating thereto, while other offices have been pronounced incompatible, such silence of the Legislature is equivalent to its sanction.

*Error to Cole Circuit Court.*

*H. B. Johnson,* for plaintiff in error.

*H. Flanagan, Ewing & Smith,* and *E. L. Edwards & Sons,* for defendant in error.

BLISS, Judge, delivered the opinion of the court.

A writ of *quo warranto* was sued out of the Cole Circuit Court against the defendant to test his right to hold the office of county clerk, he having been elected to and having entered upon the duties of the office of clerk of the Circuit Court. The relator claims that by this act he has in effect surrendered the office of county clerk, for the reason that the duties of the two offices are incompatible in law. If this were so, there is no doubt that the acceptance of the second office would vacate the first (State *ex*

*rel.* Owens v. Draper, 45 Mo. 355); and counsel have given some forcible illustrations of the difficulty arising under some circumstances in holding both offices by the same person. But their incompatibility consists not so much in the nature of their duties as in the fact that both courts may be sitting at the same time, so that the clerk must be personally absent from one. But this difficulty has never been recognized in Missouri as necessarily constituting incompatibility in a legal sense, inasmuch as in one or even in both of the courts, the clerk may appear by deputy. Were the duties necessarily personal, the deduction of counsel would be sound, but as it is we have no right to pronounce the offices incompatible.

Another and conclusive reason against the views of the relator arises from the customs of the State. From our earliest history, in a large portion of the State, those offices have been held by the same person, and no question has been raised as to their compatibility. With this general and well-known practice, we have had legislation declaring other offices incompatible, but none in regard to these. We are bound to regard it as a tacit legislative approval of the practice — an indorsement that demands the weightiest reasons to warrant us in disregarding it.

Judgment affirmed. The other judges concur.