## SAMUEL R. PETERS v. THE BOARD OF STATE CANVASSERS.

1. DISTRICT JUDGE; *Term of Office.* The constitution of the state fixes the term of office of the judges of the district court at four years, and it is not in the power of the legislature to increase or extend that term, either directly or indirectly.

2. —————— *Time of Election.* Where the first judge of a new judicial district was legally elected at the general election in 1867, the election of judge in such district at the general election of 1871 was held at the proper time, and entitled the party elected to a full term of four years from the second Monday in January 1872; and a third election in such district for a district judge for a full term was rightly held at the general election in 1875.

3. MANDAMUS; *Board of Canvassers.* Where several thousand votes were in fact cast at a certain general election by the electors of a judicial district for the office of district judge of such district, but it plainly appears that said office was then legally filled, and no election for district judge was necessary or proper, either for a full term or an unexpired term, a writ of mandamus will not be awarded to compel the board of state canvassers to canvass the votes so cast for district judge.

### *Original Motion for Mandamus.*

ON the 22d of December 1876, *Samuel R. Peters* filed in this court his petition and motion for a peremptory writ of mandamus to compel the *Board of State Canvassers* to canvass the votes cast in and returned from the several counties comprising the ninth judicial district, for the office of judge of said district. The petition alleges, that by ch. 53, laws of 1867, the sixth, seventh, eighth and ninth judicial districts were created; that pursuant to the provisions of § 15 of ch. 52 of the laws of 1867, a judge was elected in and for each of said districts at the general election held in November 1867, for the term commencing on the second Monday in January 1868; that the judge so elected in and for the ninth district was Wm. R. Brown, whose term of four years expired on the second Monday of January 1872; that no election was held in said district in November 1871, for a successor of Judge Brown, but said Brown continued to hold said office after the expiration of his said term, as authorized by § 12 of article 3

of the constitution; that at the general election held in November 1872, as provided and authorized by the act passed and approved 29th February 1872, (ch. 117, laws of 1872, p. 259; 10 Kas. 193, note,) said Wm. R. Brown was reëlected to the office of district judge for said ninth district, and for the term commencing on the second Monday of January 1873; that said Brown duly qualified under said election, and entered upon the duties of his office, and held said office until the 1st of March 1875, when he resigned; that plaintiff *Peters* was thereupon appointed by the governor to the office of district judge to fill said vacancy; that plaintiff thereupon duly qualified and entered upon the discharge of the duties of said office, and continued to hold the same by virtue of said appointment until the second Monday of January 1876; that at the general election held on the 3d of November 1875, the plaintiff was duly elected judge of said district, and that thereupon, and on the second Monday in January 1876, he duly qualified under and by virtue of said election, and entered upon his duties as such judge, and ever since has been and still is the duly-elected and acting judge of said district; that at the general election held in said ninth district on the 7th of November 1876, the plaintiff under and by virtue of said act of 29th February 1872, received 4868 votes cast for him for the office of district judge of said district by legal voters residing therein, and that said number of votes was a majority of over 4000 over and above the votes cast for any and all other persons in said district for said office. The petition then alleged that the votes so cast for plaintiff had been duly and properly returned to the secretary of state; that Thomas A. Osborn, governor, Thos. H. Cavanaugh, secretary of state, P. I. Bonebrake, auditor of state, John Francis, treasurer of state, and A. M. F. Randolph, attorney general of the state of Kansas, constituted *ex officio*, the *Board of State Canvassers;* that as such board it became and was their duty to meet at the office of the said secretary of state, at Topeka, on Monday, the 27th of November 1876, and perform the duties prescribed by §37 of

the general election law, (ch. 36, Gen. Stat. 1868, p. 413,) including the examination and making of a statement of the whole number of votes cast in said ninth judicial district at said general election held in November next preceding for the office of judge of the ninth district; that the *Board of State Canvassers* did meet at the time and place designated; that such board, having full knowledge of the premises, and well knowing from the certified abstracts of the votes given in the several counties comprising said ninth district that plaintiff had at such election received more than 4000 votes for said office over and above the votes cast for any other person for said office, did not and would not canvass the votes so cast for said office, but while in session as aforesaid passed and adopted a resolution, as follows:

. "WHEREAS, An election for judge of the ninth judicial district was held at the general election for the year 1875, a canvass of which was duly made, and a certificate thereupon issued as required by law: therefore,

"*Be it resolved,* That the Board of State Canvassers refuse to canvass the votes cast for judge of said district at the general election held in November 1876."

The petition further alleged that said board, after having passed said resolution, had adjourned without day. A peremptory writ of mandamus was prayed for, compelling said board of canvassers to meet and canvass said votes, etc. The motion was heard on the 22d of December 1876. No briefs on file.

*C. N. Sterry,* appeared for Judge Peters, in support of the motion for a mandamus, and *A. M. F. Randolph,* attorney-general, appeared in opposition to the motion.

*Per Curiam:* The motion for a mandamus must be overruled, in accordance with the decision of this court in the case of *The State, ex rel. Goodin, v. Thoman, Auditor, &c.,* 10 Kas. 191. In that case we held, that the term of office of judges of the district courts was fixed by the constitution at four years; that it was not in the power of the legislature

to extend or lengthen that term, either directly or indirectly; and that when a district judge was legally elected at the general election in 1867, for a full term, an election for a successor, and for a full term, was rightly held in 1871—such second term commencing in January 1872. In the case at bar, the facts alleged in the petition show, that the failure to hold an election in the ninth judicial district in 1871, did not change the commencement of the regular term of office of judge for that district. Nor did ch. 117 of the laws of 1872 have that effect, for the reason above stated. It also follows, that when Judge Brown was reëlected in November 1872, he was chosen for the unexpired portion of that term which had commenced on the second Monday of January preceding. Resigning before such term expired, the vacancy was filled by executive appointment. Whether at the election held in November 1875, the then remaining unexpired term of two months should have been filled by *election*, as well as that a judge should be then so chosen for the full term next ensuing, we need not now discuss. (Const., art. 3, § 11.) No such election is shown to have been held. The petition shows that a judge for the ninth district was duly chosen at such general election of 1875, and we hold that the person so elected was elected for the term of four years from the second Monday in January 1876. No vacancy having since occurred in such office, no election for judge of said ninth district could be legally held in November 1876, and the board of state canvassers rightly refused to canvass the votes cast in and returned from such district for such office.

Mandamus refused. Judgment will be entered in favor of the defendants for their costs.