CLARK A. SMITH V. JOEL HOLT.

24　771
58　712

DISTRICT JUDGE, *Unauthorized Election of.* The election held in the fifteenth judicial district, in November, 1880, for the office of district judge, was unauthorized, and conferred no rights upon the party receiving the majority of the votes cast at that election. The term of office of the present incumbent continues until the second Monday of January, 1882, and the election of his successor will take place at the general election of 1881.

## Original Proceedings in Quo Warranto.

ACTION brought in this court by *Smith* against *Holt*, to determine the right to the office of judge of the fifteenth district. At the general election of November 2, 1880, the plaintiff *Smith* and W. C. Don Carlos were candidates for said office, the former receiving 10,687 votes therefor, and the latter 4,879 votes. Some scattering votes were cast for the defendant *Holt*, but he was not a candidate at such election, and declined to be a party thereto, or to be bound thereby. The state board of canvassers declared the plaintiff duly elected judge as aforesaid, for the term of four years, to begin on the second Monday of January, 1881, and issued to him a certificate accordingly. Other facts are stated in the opinion, filed March 3, 1881.

*W. W. Guthrie,* for plaintiff.

*David Herron,* for defendant.

The opinion of the court was delivered by

BREWER, J.: This is an original proceeding by case under § 525 of the civil code, in the nature of a *quo warranto* action, to determine the right to the office of judge of the fifteenth district from the second Monday in January, 1881 — the plaintiff claiming to be entitled thereto for a term of four years, by virtue of election at the general election of November, 1880, to succeed the defendant, who claims to hold over until the second Monday in January, 1882. The case agreed upon, contains all the facts upon which the controversy depends. The parties have stated the facts in a very fair and candid manner, and submitted the question promptly and with an evident disposition to have the controversy so determined as to cause the least embarrassment to the people of that district. In this, their conduct is worthy of all commendation, and shows that each possesses judicial qualifications which entitle him to the confidence of all. And while the question, if a new one, would not be of easy solution, yet we think prior rulings compel a decision in favor of the defendant.

The district was created by the legislature of 1873. Section 5, of chapter 76, laws of 1873, provided for the appointment by the governor of a judge who was "to hold his office until the second Monday of January, 1874, and until his successor is elected and qualified." At the November election, 1873, the defendant was elected, and took possession of the office in January, 1874. In November, 1876, an election was held, when Judge Holt received 6,033 votes, being a majority of all the votes cast. A canvass was made by the state board, the result declared, and a certificate of election issued to him, and he duly qualified. In November, 1877, another election was held, with like result. At this election, Judge Holt received only 3,528 votes, a smaller number of votes being cast than in 1876. A certificate of election was issued to him, and he again duly qualified.

Was the election in 1873 for a term of four years? And

if so, was Judge Holt estopped by taking part in the election of 1876 from claiming a full term under the election in 1877? The first question must be answered in the affirmative, and the second in the negative. The cases of *The State, ex rel., v. Thoman,* 10 Kas. 191, and *Peters v. Board of State Canvassers,* 17 Kas. 365, are decisive upon the first question. The provisional occupancy of the office was by the statute to extend to the January succeeding the creation of the district. Then the regular term commenced, and the constitution fixed the duration of that term beyond the power of legislative change. The contention of counsel, that under the phrase, "*regular* election," as used in the judicial article of the constitution, no judicial election can come on the odd years, was decided adversely in the early case of *The State, ex rel., v. Cobb,* 2 Kas. 32. The opinion there expressed has been acted upon in the subsequent judicial history of this state — as in the case of the present chief justice — and ought not lightly to be disturbed. Nor do we see any element of estoppel in this case. There was a doubt as to whether November, 1876, or November, 1877, was the proper time for electing the judge. So Judge Holt's name was before the people upon both occasions. No one was prejudiced by this, and no one estopped from asserting his full legal rights.

It follows from these considerations, that the election last November was without warrant of law, and void, and that Judge Holt continues in office until next January. His successor must be elected this fall.

Judgment will be entered in favor of the defendant.

All the Justices concurring.