HARRY E. ABRY v. JAMES GRAY *et al.*

No. 10789.

INCOMPATIBLE OFFICES — *offices of clerk of city of first class and clerk of the district court are not.* There being neither constitutional nor statutory inhibition against one person holding the offices of city clerk of a city of the first class and clerk of the district court of the county in which such city is included, it is *held*, that the duties of the two offices are not so incompatible that the acceptance of the latter, by a person holding the former, *ipso facto* vacates the first-named office.

Original proceedings in *quo warranto*. Opinion filed April 10, 1897. *Judgment for defendant.*

*C. F. W. Dassler*, and *J. W. Hauserman*, City Attorney, for plaintiff.

*L. B. & S. E. Wheat*, for defendants.

ALLEN, J. This action is brought to try the title to the office of City Clerk of Leavenworth. The defendant James Gray, while holding the office of City Clerk was elected Clerk of the District Court of Leavenworth County, and thereafter duly qualified and took possession of the office. Since taking possession of the last-named office, he has undertaken to discharge — in person and by deputy — the duties of both offices. The Mayor and Council of the city, deeming the two offices incompatible, and the acceptance of the office of Clerk of the District Court equivalent to a vacation of that of City Clerk, appointed the plaintiff, Abry, to fill the supposed vacancy. Abry obtained possession of part of the records of the City Clerk's office, but the defendants refused to surrender the remainder, and insist on the right to hold the office until the expiration of Gray's term.

The only question requiring consideration is, whether the duties of the two offices are so incom-

patible that the acceptance of one vacates, *ipso facto*, the other. It is conceded that there is neither constitutional nor statutory inhibition against one person holding both offices at the same time. The case must be determined under the general rules of the common law. The rule as to what constitutes such incompatibility is stated in 19 American and English Encyclopedia of Law, 562*w*, as follows :

" The incompatibility which will operate to vacate the first office must be something more than the mere physical impossibility of the performance of the duties of the two offices by one person, and may be said to arise where the nature and duties of the two offices are such as to render it improper, from considerations of public policy, for one person to retain both."

In *People, ex rel. Ryan, v. Green* (58 N. Y. 304), it was said by Folger, J., delivering the opinion of the court :

" Nor is the office of a member of assembly, in the legal sense of the word, incompatible with that of deputy clerk of the court of special sessions of the city and county of New York. . . . It may be granted that it was physically impossible for the relator to be present in his seat in the assembly chamber, in the performance of his duty as a member of that body, and at the same time at his desk in the court doing his duty as deputy clerk thereof. But it is clearly shown in those opinions, that physical impossibility is not the incompatibility of the common law, which existing, one office is *ipso facto* vacated by accepting another. Incompatibility between two offices, is an inconsistency in the functions of the two ; as judge and clerk of the same court — officer who presents his personal account subject to audit, and officer whose duty it is to audit it."

To the same effect see Mechem on Public Offices and Officers, § 422 ; *State, ex rel., v. Lusk*, 48 Mo. 242.

A large number of cases in which questions as to the incompatibility of different offices have been con-

sidered, are collated in 19 American and English Encyclopedia of Law, 562w, note 3. We shall not undertake an extended review of the cases. The Legislature has seen fit, in a number of instances, to prohibit more than one of certain offices being filled by the same person. Thus, a county commissioner may not hold any other state, county, township or city office. Gen. Stat. 1889, ¶ 1622. The county clerk may not act as county treasurer. Id. ¶ 1670. No person holding the office of sheriff, probate judge, county attorney, county clerk, clerk of the district court, or the deputy of any of them, or county commissioner, may hold that of county treasurer. Id. ¶ 1695. By the Constitution, the justices of the Supreme Court and judges of the district courts are prohibited from holding any other office of trust or profit under the authority of the State or the United States. From these provisions, it is apparent that both the framers of the Constitution and the Legislature have had under consideration the question of incompatible offices, and have provided against one person holding two offices in those cases where it has seemed to them most detrimental to the public welfare. The general nature of the duties of the two offices under consideration in this case is similar. That of the clerk of the district court is purely clerical, and that of city clerk would seem to be mainly so. It is urged, however, that, in the registration of voters, the city clerk acts in a judicial, or at least a *quasi*-judicial, capacity, and that he can only perform his duties as a registering officer in person; that judicial or *quasi*-judicial functions may not be performed by deputy. It is also urged that the clerk of the district court must personally attend to his duties under the naturalization laws, and also to the attestation of transcripts of judgments to be used in foreign

jurisdictions; and that the person holding either office must necessarily devote his personal attention to it. Without expressing any opinion as to the correctness of these claims, they appear to us to present no decisive objection to the right of one person to hold both offices. Nearly, if not quite, all the duties of a clerk of the district court may be performed by deputy, and the personal attendance of the clerk at his office is not enjoined by law. While the statute authorizes the registration of voters at any time during the year, except for a short period before election, as a matter of fact most of the registering is done in a few weeks. It would be quite possible for the clerk to attend personally to the registration of voters, and at the same time perform all those acts as clerk of the district court which it is claimed he must do personally. The argument with reference to litigation in which the city may be interested, drawn from the interest of the clerk of the district court in collecting his fees and the confidential relation of the city clerk to the city council, has little weight. It cannot be presumed that so slight an interest would materially prejudice the rights of the city. The city clerk has no management or direction of the city's litigation. Other officers are charged with the duty of attending to it. There is no connection whatever between the registration of voters and the duties of a district clerk. While it seems to be bad policy to confer two lucrative offices on the same person at the same time, and while if charged with the duty of making the law we might not hesitate to declare that no person should be permitted to hold both these offices together, we yet are unable to say that there is any such incompatibility in the functions of the offices of clerk of the district court and clerk of a city as prohibits one person from holding both at the same time.

Judgment is entered for the defendant.