### A. J. HUDSON v. C. E. CONKLIN.

No. 15,662. (93 Pac. 585.)

1. ELECTIONS—*Incumbent Ineligible—Rights of Minority Candidate.* It was said the fact that an incumbent of an office to which he had been elected was ineligible conferred no claim to the office on a minority candidate.

2. QUO WARRANTO—*Parties.* Such minority candidate, having no title to the office, could not maintain an action in *quo warranto* to challenge the incumbent's right to hold the office.

Original proceeding in *quo warranto.* Opinion filed January 11, 1908. Dismissed.

*Otto J. Briley,* for plaintiff.

*H. P. Farrelly,* and *T. R. Evans,* for defendant.

*In re* Carter.

*Per Curiam:* This is an original action in *quo warranto*, brought by A. J. Hudson, who was a candidate for councilman of the city of Chanute, against C. E. Conklin, another candidate for the same office, who received a majority of the votes cast and is in possession of the office. The ground of contest is that Conklin was ineligible to accept or hold the office because he was not an owner of real estate within the city, but the ineligibility of Conklin, if it exists, does not give a minority candidate any claim to the office. (*Wood v. Bartling, Mayor,* 16 Kan. 109; *Privett v. Bickford,* 26 Kan. 52, 40 Am. Rep. 301.) Since it is conceded that Hudson has no title to the office, he has no interest, personal or peculiar to himself, which warrants him in challenging the right of the incumbent to hold the office. Having no interest which differs from other members of the general public, he must leave the maintenance of the action, if there be grounds for one, to some one authorized to appear for and represent the general public.

The proceeding is therefore dismissed.