THE STATE OF KANSAS, *ex rel. Joseph Taggart, as County Attorney, etc., Appellant,* v. FRANK HOLCOMB, *as County Clerk, etc., Appellee.*

No. 17,209.

#### SYLLABUS BY THE COURT.

DISTRICT JUDGE—*Appointee's Tenure of Office.* The judge of the second division of the district court of Wyandotte county, appointed to that office by the governor on April 23, 1909, pursuant to the authority of chapter 112 of the Laws of 1909 (Gen. Stat. 1909, §§ 2445-2458), will hold his office until the next regular election after his appointment, which will be the general election to be held in November, 1910, when his successor may be chosen.

Appeal from Wyandotte court of common pleas. Opinion filed October 8, 1910. Affirmed.

*Joseph Taggart,* county attorney, and *Keplinger & Trickett,* for the appellant.

*C. F. Hutchings, James F. Getty,* and *F. D. Hutchings,* for the appellee.

The opinion of the court was delivered by

BENSON, J.: This action is brought to restrain the defendant from placing the names of candidates for district judge upon the primary ballots in Wyandotte county. The trial court refused an injunction, and the state appeals.

By chapter 112 of the Laws of 1909 (Gen. Stat. 1909, §§ 2445-2458) it is provided that in counties having a population exceeding 100,000 the district court shall consist of two or more divisions. Section 2 of the act follows:

"Upon the taking effect of this act the duly elected and presiding judge of the district court of each county which comes within the provisions hereof shall be the judge of the first division of the district court for the remainder of his regular term of office, and the governor shall appoint a judge for the second division of the district court hereby created who shall hold his office until the next general election and until his successor is elected and qualified, but not for the third division, unless there is a vacancy in the office of judge of the court of common pleas. The judges of the different divisions appointed by the governor under the provisions of this act, prior to the general election in November, 1912, shall hold until such election and until their successors are elected and qualified, and thereafter their terms of office shall be the same as provided by law for judges of the district courts of this state. They shall receive as their salaries the amount now provided by law for judge of the district court in their respective counties, payable monthly by the state."

Pursuant to the authority conferred by this statute the governor, on April 23, 1909, appointed the Honorable Lewis C. True judge of the second division of the district court of Wyandotte county. The question is presented whether the appointee will hold his office until the general election of the year 1912, or only until the general election of 1910. The constitution provides that "in case of vacancy in any judicial office, it shall

17—83 KAN.

be filled by appointment of the governor until the next regular election that shall occur more than thirty days after such vacancy shall have happened." (Const. art. 3, § 11.)

An existing office without an incumbent is vacant. After the legislature created the office it was vacant until the appointment was made. Therefore there was a vacancy in a judicial office when the governor acted, and the constitutional provision applies. The decisions are in practical harmony upon this proposition, and the parties do not disagree about it.

We must next consider the meaning of the phrase "the next regular election," as used in the constitution. The purport of this expression has been considered in several cases. (*The State ex rel. Watson v. Cobb*, 2 Kan. 32; *Matthews v. Comm'rs of Shawnee Co.*, 34 Kan. 606; *Ward v. Clark*, 35 Kan. 315; *McIntyre v. Iliff*, 64 Kan. 747.) In the case last cited it was held:

"The phrase 'until the next regular election,' as used in section 11 of article 3 of the constitution, providing for appointments to fill vacancies in judicial offices, means until the next regular election held at the time fixed by law for the filling of the particular class of judicial offices to which the appointment was made." (Syllabus.)

Governed by the interpretation of the phrase "the next regular election" given in the above quotation, we must determine the class of offices to which the one held by the appointee belongs. The defendant contends that the class is that of district judges, and as part of these officers will be regularly chosen at the election this year (1910) that will be the next regular election at which a successor to the appointee should be elected. The plaintiff contends that the office should be classified with that of the judge of the first division, whose successor will be elected in the year 1912, and that therefore the next regular election of a judge for the second division to succeed the appointee will be that to be held in November, 1912.

The State v. Holcomb.

Elections of district judges in eighteen of the judicial districts were held in the year 1906, and their successors will be chosen each fourth year thereafter. In the remaining sixteen districts (including the twenty-ninth district, comprising Wyandotte county) the judges were elected in the year 1908, and their successors will be elected in each fourth year after that date. All judges so elected for a full term hold their respective offices for four years. (Const. art. 3, § 5; *The State ex rel. Goodin, v. Thoman,* 10 Kan. 191; *Peters v. Board of State Canvassers,* 17 Kan. 365.)

The legislature creates new districts by a two-thirds vote of both houses. When a district is so created the governor fills the vacancy caused thereby under the constitutional provision already quoted, until the next general election—that being the next regular election at which that class of officers may be chosen, and the person so elected holds his office for the regular term of four years as fixed by the constitution. (*Smith v. Holt,* 24 Kan. 771.) No good reason is perceived why this rule governing the election of judges when new districts are created should not apply to the choice of judges when divisions in existing districts are created, requiring the selection of additional judges.

The policy of this state as fixed in the constitution is that the judiciary are elective. Exceptions are to meet possible necessities, and should be so limited that the application of the principle will not be unnecessarily restricted. It was said in *The State ex rel. Watson v. Cobb,* 2 Kan. 32:

"The general principle is that the judiciary are elective. The exception made to meet possible necessities is by appointment to fill vacancies, but that appointment is expressly limited and must expire at the next regular election that occurs more than thirty days after the vacancy shall have happened. Thus showing that it was the intention to limit the exceptional method of selecting the judiciary so far as was consistent with a deliberate exercise of the mode of filling the office by the usual mode of election." (p. 53.)

This principle was again declared in the Thoman case, where it was said:

"The manifest purpose of the constitutional provisions is to secure, not merely a fixed term of office to judges, but also to the people at stated intervals the opportunity of changing the incumbents." (10 Kan. 191, 197.)

The manifest purpose of the constitution referred to in the foregoing quotation is secured by holding, as we do, that the office in question should be classified with that of the district judges whose successors are to be chosen at the election to be held in November, 1910.

It is suggested by the defendant that the language of the act first above quoted may be construed so as to lead to the same result. On the other hand, it is insisted that the statute can not be so interpreted. The language is obscure, but, whatever its true meaning may be, the constitution governs.

Attention has been called to the opinions of this court in *Wilson v. Clark,* 63 Kan. 505, and in *The State v. Andrews,* 64 Kan. 474. These cases arose under the biennial election law providing for filling an interregnum in the office of certain district judges, caused by a change in the time of holding elections, and the decisions are not necessarily in conflict with the views herein expressed.

The proposed action of the clerk in placing the names of candidates for the office named upon the ballot is proper, and the judgment refusing an injunction is affirmed.