WILLIAM P. CAMPBELL, *Plaintiff*, v. THORNTON W. SARGENT, *Defendant*.

No. 17,589.

SYLLABUS BY THE COURT.

1. QUO WARRANTO—*"Soldier's Preference Law"—Necessary Allegations of Petition, Demurrer.* In an action by a private individual to oust one holding a public office from such office, it is essential to the statement of a cause of action that it be alleged in the petition that the occupant, defendant, has either usurped, intruded into or unlawfully holds or exercises the office; also, that the plaintiff, himself, is entitled to hold and exercise the office.

2. ——— *When Action Should be in Name of State.* If no individual, as against the occupant, has a better right to the office than other individuals of the community, then the interest therein is public and such action can only be brought by the state through its appointed agencies.

Original proceeding in quo warranto. Opinion filed October 7, 1911. Demurrer to the petition sustained.

*William P. Campbell,* for the plaintiff.

*O. A. Keach, Foulke & Matson,* and *Waters & Waters,* for the defendant.

The opinion of the court was delivered by

SMITH, J.: This action is brought by the plaintiff to oust the defendant from the office of district judge of Sedgwick county and to have it adjudged that he himself be inducted therein; also, to recover damages.

In the amended petition the act creating the office

(Laws 1911, ch. 151), approved March 4, 1911, is pleaded by title. This act divided the district court of Sedgwick county (the eighteenth district) into two divisions and created the office of judge of the second division and directed the governor to appoint a judge of that division.

The plaintiff, in his amended petition, alleges and sets forth an application to the governor in writing, in which he claimed preference for appointment to such office under section 7879 of the General Statutes of 1909 (Laws 1907, ch. 374, § 1), commonly known as the Veterans' Preference Law; also, that he was the only applicant who, in his application, claimed the right to preference under that law. His application also alleged sufficient facts, if sustained on investigation, to justify his appointment.

To this petition the defendant demurred, first, that the petition shows on its face that the court has no jurisdiction of the subject matter of the action. Second:

"Said amended petition does not state facts sufficient to constitute a cause of action against this defendant and in favor of said plaintiff; and does not state facts sufficient to entitle the plaintiff to the relief demanded by him."

Under this demurrer the defendant has presented and discussed many important questions which it might be very desirable to have decided, but we think one question only is necessary to a decision, viz., whether the petition states facts sufficient to entitle the plaintiff to maintain the action.

The constitution provides (Const. art. 3, § 11) that, "in case of vacancy in any judicial office, it shall be filled by appointment of the governor until the next regular election," etc.

The following excerpt from *The State v. Holcomb*, 83 Kan. 256, 111 Pac. 188, seems applicable to this case:

"An existing office without an incumbent is vacant.

After the legislature created the office it was vacant until the appointment was made. Therefore there was a vacancy in a judicial office when the governor acted, and the constitutional provision applies. The decisions are in practical harmony upon this proposition and the parties do not disagree about it." (p. 258.)

The act of the legislature (Laws 1911, ch. 151) was approved March 4, 1911, and was published March 9, 1911. It created the office at the time it took effect by publication, and thereupon there was a vacancy in the office until it should be filled by appointment of the governor.

The amended petition does not allege that the plaintiff was appointed by the governor, but does allege the appointment of the defendant to fill the vacancy. There is no allegation that the defendant usurped or intruded into or unlawfully holds or exercises the office. Indeed, there is no allegation that the defendant and other applicants for the appointment were not soldiers or sailors of the United States in the war of the rebellion and as much entitled to preference therefor as the plaintiff, unless it be necessary to entitle one to such preference that he make the claim in his application for appointment. The allegation of the petition is:

"The plaintiff avers that in the war of the rebellion he enlisted and was mustered into service in company M of the sixth Kentucky cavalry, and served as a soldier in the army of the United States, in said company and regiment, from the 26th day of July, 1862, until the close of the war, and was honorably discharged from said service, as sergeant major of said regiment, at Nashville, Tenn., on the second day of August, 1865, by reason of the expiration of his term of service, all of which is shown in his said application for appointment, a copy of which is hereto annexed."

The insertion of such claim in an application for an appointment is certainly proper for the information of the one having the appointing power, but it is the fact of such service and not the claiming of preference

Campbell v. Sargent.

which entitles the applicant to preference. One well qualified for the position in question and clearly entitled to preference under the law in question might well be unwilling to urge his rights under the law to secure the coveted appointment.

However this may be, it certainly must be requisite, in an action to oust one from office on the ground that he did not possess a qualification requisite to his election or appointment thereto, to allege the want of such qualification; for instance, if it were a necessary qualification for election to an office that the candidate be a citizen of the United States, it would not be sufficient, in an action brought by A to oust B from the office, for A to allege that he, A, was a citizen of the United States at the time of the election.

Again, sections 680 and 681 of the code, which provide for the bringing of actions in the nature of quo warranto and in what name such actions are to be prosecuted, clearly specify the causes for which action may be brought and by whom.

As applicable to this action, the provision is:

"First, when any person shall usurp, intrude into or unlawfully hold or exercise any public office."

As we have seen, the amended petition neither in form nor substance charges against the defendant any cause of action that can be squared with this provision.

Further, section 681 of the code, in substance, authorizes any person who claims an interest in any public office, which is usurped, intruded into or unlawfully held or exercised by another, to bring an action to oust the wrongdoer therefrom, and in the action he may recover any damage he may have sustained. To suffer damage by the usurpation it follows that he must have been entitled to the office and its emoluments himself. This construction tallies with the requirement—

"Whenever the action is brought against a person for usurping an office by the attorney-general or the

38—85 KAN.

county attorney, he shall set forth in the petition the name of the person rightfully entitled to the office, and his right or title thereto."

The charge in this case is the holding of an office to which the defendant was not legally appointed. It is not the policy of the law to remove an occupant from an office, except, perhaps, for a nonfeasance or malfeasance therein, in which case the action should be by the state, unless some other designated person is entitled thereto.

In *Miller v. Town of Palermo*, 12 Kan. 14, it was said:

"Private individuals, who have no interest other than as citizens, residents, and taxpayers of a municipal corporation, can not maintain an action of quo warranto against such corporation.

"If the injury is one that particularly affects a person, he has a right to the action. If it affects the whole community alike, their remedy is by proceedings by the state, through its appointed agencies." (Syl. ¶¶ 1, 2.)

The court has several times approved the decision that the individual, to maintain quo warranto against a corporation, must have a particular interest therein different from the interest of the public generally. The same reason applies to an action to oust an officer. If the wrongful holding of an office "affects the whole community alike, their remedy is by proceedings by the state, through its appointed agencies." (12 Kan. 14, syl. ¶ 2.) It follows that to state a cause of action in this case the plaintiff must allege, in substance, that he is, himself, entitled to the office. If it be assumed that the defendant is not equally entitled, with the plaintiff, to appointment under the soldiers' preference law (and this is not alleged), and if it be assumed, as we do not decide, that the governor made the appointment in violation of the law, and, further, if it be assumed that the defendant should be ousted from the office—then it does not follow that the governor should appoint the plaintiff thereto. It would then be the duty of the governor, if the soldiers' preference law is ap-

plicable, to investigate the qualifications of such sol-
diers and sailors of the United States who served in the
war of the rebellion, who applied for appointment, as
he saw fit until he decided upon whom the mantle should
be placed. The plaintiff or some other might be the
chosen one.

It follows that the demurrer to the petition must be
and it is sustained.