THE STATE OF KANSAS, ex rel. JOHN S. DAWSON, as Attorney-general, etc., *Appellee,* v. FRANK M. HOLCOMB, as County Clerk, etc., *Appellant.*

No. 18,211.

SYLLABUS BY THE COURT.

CONSTITUTIONAL LAW—*District Judge—Length of Term.* The term for which the judge of the second division of the district court of Wyandotte county was elected in 1910 was the "regular term" of four years.

Appeal from Wyandotte court of common pleas. Opinion filed June 8, 1912. Affirmed.

*L. S. Harvey,* for the appellant.

*John S. Dawson,* attorney-general, and *James F. Getty,* for the appellee.

The opinion of the court was delivered by

SMITH, J.: Upon the enactment of chapter 112 of the Laws of 1909 (Gen. Stat. 1909, §§ 2445-2458) the governor appointed Hon. L. C. True as judge of the second division of the district court of Wyandotte

county, 29th judicial district, to fill the vacancy created by that act. In 1910 an action was brought to restrain the county clerk of the county from placing the names of candidates for district judge upon the primary ballot in Wyandotte county. That action related to the same office herein involved. The trial court refused an injunction and upon appeal this court affirmed the decision.

Soon after the beginning of our state government chapter 28 of the Laws of 1861 was enacted. Section 40 of that act provided that the regular term of office of all state, district and county officers, of justices of the supreme court and judges of the district court shall commence on the second Monday of January next after the election. This has ever since been, and still is, the law, as provided by section 3179 of the General Statutes of 1909.

Section 5 of article 3 of the constitution of Kansas prescribes the length of time for which district judges shall hold office and section 11 of the same article provides for the election of such judges at the first election held under the constitution, but does not prescribe when their terms of office shall begin. Then, as we have seen, the legislature, in chapter 28 of the Laws of 1861, supplied this omission and provided when the "regular term" of such judges shall begin; other provisions being made by section 11 of article 3 of the constitution for elections to fill vacancies, and by section 39 of the act of 1861 for the duration of the term in such cases.

It is evident that the words "regular term" in the act of 1861 meant the term of the district judges elected at the first election under the constitution, and no statute has provided when the term of office of judges first elected in districts created since the adoption of the constiution shall begin. It is claimed, however, that such provision is inferentially made in

this case by these words in section 2 of chapter 112 of the Laws of 1909.

"The judges of the different divisions appointed by the governor under the provisions of this act, prior to the general election in November, 1912, shall hold until such election and until their successors are elected and qualified, and thereafter their terms of office shall be the same as provided by law for judges of the district courts of this state."

This provision purports to extend the duration of the vacancy after the creation of the office to the election in 1912. In *The State v. Holcomb*, 83 Kan. 256, 111 Pac. 188, the provision was held to be in violation of the constitution, and that an election should be held in 1910. We reaffirm all that was said in that case as to the duration of the term of the judge to be elected.

At least since the case of *Smith v. Holt*, 24 Kan. 771, a judge elected at "the next regular election" after the creation of a new judicial district has been held to be elected for "the regular term," and, by a parity of reasoning, a judge elected at the "next regular election" after the creation of a new division of a district court is likewise elected for the full term of four years.

The judgment is affirmed.