No. 21,706.

LEON A. CONGDON, *Plaintiff*, v. FRED W. KNAPP, as State Auditor, etc., and WALTER L. PAYNE, as State Treasurer, etc., *Defendants*.

SYLLABUS BY THE COURT.

HOTEL COMMISSIONER—*Food and Drug Inspector—Both Offices Held by Same Person—Entitled to Statutory Salary of Each.* One who holds two offices, the duties of which are not incompatible with each other, is entitled to the compensation fixed by law for both, and an agreement that he will perform the duties of either for less compensation than that fixed by law, is not valid.

Original proceeding in mandamus. Opinion filed February 7, 1920. Writ allowed.

*Edwin D. McKeever,* of Topeka, for the plaintiff.

*Richard J. Hopkins,* attorney-general, *S. N. Hawkes,* and *J. K. Rankin,* assistants attorney-general, for the defendants.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff commenced this action to compel the state auditor to audit certain vouchers and to draw warrants therefor on the treasurer for $3,666.64, the balance of the salary of the plaintiff as hotel commissioner of the state of Kansas. The plaintiff was appointed to that office on the 19th day of June, 1915. He qualified under that appointment and continued to act thereunder until November 1, 1917. On May 1, 1914, he had been appointed assistant chief food and drug inspector and acted under that appointment until February 1, 1917, during which time he received the salary provided therefor by law. For his services as hotel commissioner, beginning with January 1, 1916, and ending with September 30, 1917, the plaintiff received $50 per month, under an agreement made by the plaintiff with the governor, the secretary of the state board of health, and the state auditor. The vouchers for his services as hotel commissioner, presented to the auditor for allowance, contained the following: "In accordance with agreement of board of health, governor, and state auditor, at the rate of $50 per month." These vouchers were allowed, warrants were drawn therefor, and they were paid by the state

treasurer. The plaintiff filed with the auditor vouchers for the remainder of the salary provided by law for hotel commissioner from the time of his appointment until he ceased to act as such. The auditor refused to allow these claims or to issue warrants therefor.

On October 3, 1917, the state treasurer had in his hands money known as the hotel inspection fund, amounting to $6,269.07, and there were subsequently turned over to him collections for October, 1917, amounting to $320. The plaintiff alleges that at the time this action was commenced, December 17, 1919, the treasurer had in his hands belonging to the hotel inspection fund more than enough to pay the plaintiff's claim. Immediately after this action was commenced the treasurer was directed to hold the money belonging to that fund until the termination of this action.

Section 4069 of the General Statutes of 1915 fixes the salary of the assistant chief food and drug inspector at $150 a month; section 5082 fixes the salary of hotel commissioner at $2,000 per annum, and traveling expenses. These salaries are fixed by law; they cannot be changed by any arrangement made between officers of the state. (Notes, 36 L. R. A., n. s., 246; L. R. A., 1917 B 190; 42 L. R. A., n. s., 121.)

Unless prohibited by constitutional provision or statutory law, one person may hold two offices if their duties are not incompatible with each other. (*Abry v. Gray,* 58 Kan. 148, 48 Pac. 577; *Dyche v. Davis,* 92 Kan. 971, 142 Pac. 264; 29 Cyc. 1381; 22 R. C. L. 412.) And in the absence of such prohibition, if one person holds two offices, the performance of the duties of either of which does not in any way interfere with the duties of the other, he is entitled to the compensation fixed by law for both. (*Dyche v. Davis,* 92 Kan. 971, 142 Pac. 264; Notes in L. R. A., cited above; 22 R. C. L., 535; *United States v. Saunders,* 120 U. S. 126.) There is no prohibition against one person holding the office of assistant chief food and drug inspector and that of hotel commissioner. No incompatibility between the two offices is shown to the court or is perceived by it. The governor appointed the plaintiff hotel commissioner for the reason that as he was the assistant chief food and drug inspector he could easily perform the duties of the office of hotel commissioner.

At the time the appointment was made there was no money with which to pay the salary of a hotel commissioner. That was one reason for the appointment of the plaintiff. He soon collected funds out of which his salary could have been paid. Under the rule in the Dyche case, the plaintiff was entitled to the full compensation fixed by law for his services as assistant chief food and drug inspector and for his services as hotel inspector. It follows that a peremptory writ of mandamus should issue.

Judgment is rendered accordingly.