No. 27,785.

ISRAEL MOORE, *Appellant,* v. WENDELL P. WESLEY, *Appellee.*

(262 Pac. 1035.)

SYLLABUS BY THE COURT.

1. OFFICERS—*Holding Simultaneous Offices.* The offices of county attorney and deputy clerk of the district court may not be held simultaneously by the same person.

2. SAME—*Acceptance of One Office as Relinquishment of Other.* Plaintiff's acceptance of the office of deputy clerk of the district court operated as a relinquishment and surrender of whatever right he may have had to the office of county attorney theretofore held or claimed by him.

3. QUO WARRANTO — *Questioning Title to Office —Who May Maintain Action.* Rule followed that a private litigant having no valid claim to a public office in his own behalf cannot maintain quo warranto to question the title to that office vested in another incumbent.

4. ATTORNEY AND CLIENT—*Regularly Admitted Attorney—Person Holding Permit.* A person holding a permit issued by the supreme court authorizing him to practice law until the next bar examination is not irregularly admitted to practice law, nor is he ineligible to the office of county attorney.

Appeal from Grant district court; GEORGE L. LIGHT, judge. Opinion filed January 7, 1928. Affirmed.

*Israel Moore, John P. Evans,* both of Ulysses, and *G. W. Sawyer,* of Liberal, for the appellant.

*W. P. Wesley* and *H. W. Stubbs,* both of Ulysses, for the appellee.

The opinion of the court was delivered by

DAWSON, J.: This was an action to determine whether plaintiff or defendant was entitled to the office of county attorney of Grant county.

In September, 1925, the judge of the district court appointed the plaintiff as county attorney to succeed the prior incumbent, H. W. Stubbs, who had resigned. At the next general election in November, 1926, the defendant was elected to the office of county attorney. He received the certificate, gave and filed his official bond and qualified, and on the first day of the ensuing official term, January 10, 1927, entered upon the duties of the office.

On February 14, 1927, plaintiff commenced this action, claiming the office by virtue of his appointment by the district judge on Sep-

Attorney and Client, 6 C. J. p. 576 n. 10 new. Officers, 29 Cyc. p. 1382 n. 80. Public Officers, L. R. A. 1917A 216, 227; 22 R. C. L. 413, 418. Quo Warranto, 32 Cyc. p. 1444 n. 30; 22 R. C. L. 661.

tember 8, 1925. He alleged that defendant was unlawfully usurping the office, that at the time of defendant's election he was not regularly admitted to practice law in Kansas, and was not at the time of his election a regularly qualified practicing attorney.

Other matters pleaded in plaintiff's petition need not be stated.

Defendant's answer pleaded various matters of no present consequence, and admitted that he was in possession of the county attorney's office and exercising its functions. He alleged that plaintiff had no standing to question defendant's right to the office for the reason—

"That . . . on the 15th day of January, 1927, . . . the said plaintiff was duly appointed to the office of deputy clerk of the district court of Grant county, Kansas, which appointment was by the said plaintiff duly accepted; and said plaintiff thereupon, and on the same date, duly qualified as such deputy clerk of the district court by taking and subscribing the oath of office, and filing the same, as required by law. That said plaintiff thereupon entered upon the duties of the office of deputy clerk of the district court and ever since said date has performed such duties, and continues to perform them on this date."

On issues joined the cause was tried by the court. Plaintiff on his own behalf testified:

"Q. Now, it is alleged here that you were appointed and acted as deputy clerk of the district court; what about that? A. Well, I did. I did it to help Charlie out; he couldn't stay away from his business, and all that I did was, most of the time, was to take the stuff and put it in his desk and call him over the phone when he was wanted, and once in awhile I would file a paper.

"Q. Who was Charlie? A. Charlie Mahan, the clerk of the court.

"Q. Now, did you receive a written appointment? A. Yes.

"Q. And how long did you have that, if you know? A. Well, I don't know; I think I resigned about the 25th of March.

"Q. What year? A. 1927.

"Q. About when did you receive it? A. Oh, I couldn't tell exactly, but probably a week or ten days after the county officers took their office.

"Q. In this year? A. Yes, sir.

.     .     .     .     .     .     .     .     .     .     .     .     .     .     .

"Q. Your resignation was filed of record, was it? A. Yes, sir."

Plaintiff's resignation with the official indorsements thereon reads:

"RESIGNATION.

"To C. W. Mahan, Clerk of the District Court:

"I hereby resign my position as deputy clerk of the district court of Grant county, Kansas, to take effect and be in force at once.

"Dated this 25th day of March, 1927.          (Signed) ISRAEL MOORE.

"March 25, 1927.—Resignation accepted.—C. W. MAHAN, Clerk of the District court.

"Indorsed: Resignation of Israel Moore as clerk of the district court.— Filed this 25th day of March, 1927.—Guy F. McGillivray, *County Clerk.*"

Defendant's demurrer to plaintiff's evidence was sustained on two grounds—that plaintiff's evidence did not prove a cause of action, and that he could not maintain the action. Plaintiff appeals.

It does not appear how defendant's title to his office can be called in question by plaintiff. Plaintiff's appointment was only to fill Mr. Stubbs' unexpired term or until the voters had an opportunity to fill the office themselves. This they did at the next ensuing general election. At the commencement of the next official term defendant obtained possession of the office to which he had been elected. A few days thereafter plaintiff accepted the office of deputy clerk of the court. This is an office created by statute. (R. S. 19-1303, 1304.) It is inherently incompatible and virtually forbidden by statute (R. S. 21-1602) for a deputy clerk of the court to hold the office of county attorney. It is also inherently incompatible (R. S. 19-704) and expressly forbidden by statute for a county attorney to hold any other county office. (R. S. 19-705.) So, if plaintiff ever had some "hold-over" claim to the office of county attorney after January 10, 1927, his later acceptance of the office of deputy clerk of the court had the legal effect of vacating the office of county attorney. (*Gilbert v. Craddock,* 67 Kan. 346, 72 Pac. 869.)

In *Shell, Judge, v. Cousins et al.,* 77 Va. 328, 332, it was said:

"It was the acceptance of the incompatible office and holding the same for even so brief a space of time that forfeited the first office, and, as we have seen above, created an actual vacancy in the same, without any proceedings to remove him whatever, by quo warranto or otherwise; and if the office was thus vacant, and he absolutely out of it, he could in no manner affect the first office by what he did with the second, since resigning one office could not put a party in an office, nor could it restore him to one he had actually vacated."

In Mechem on Public Officers the rule is thus stated:

"It is a well-settled rule of the common law that he who, while occupying one office accepts another incompatible with the first, *ipso facto,* absolutely vacates the first office and his title is thereby terminated without any other act or proceeding. That the second office is inferior to the first does not affect the rule. And even though the title to the second office fail, as where the election was void, the rule is still the same, nor can the officer then regain possession of his former office, to which another person has been appointed or elected." (§ 420.)

"The general rule, therefore, that the acceptance of, and qualification for,

an office incompatible with one then held, is a resignation of the former, is one certain and reliable, as well as one indispensable for the protection of the public." (§ 426.)

So far as our own cases bear on this precise point they recognize this principle. (*Abry v. Gray*, 58 Kan. 148, 48 Pac. 577; *Gilbert v. Craddock*, 67 Kan. 346, 72 Pac. 869; *Dyche v. Davis*, 92 Kan. 971, 142 Pac. 264; *Congdon v. Knapp*, 106 Kan. 206, 187 Pac. 660.) See, also, extended note in L. R. A. 1917 A, 216 *et seq.*

In view of the foregoing, plaintiff had no right of his own to the office of county attorney; and of course as a private citizen he could not question the defendant's right to his office. (*Hudson v. Conklin*, 77 Kan. 764, 93 Pac. 585; *Campbell v. Sargent*, 85 Kan. 590, 118 Pac. 71; *Newman v. Frizzell*, 238 U. S. 537, 59 L. Ed. 1446.)

However, before concluding, it cannot be amiss to add that a person who holds a permit issued by this court authorizing him to practice law until the next bar examination is not irregularly admitted to practice law, but *ad interim* is a regularly qualified practicing attorney. (R. S. 7-102, 7-103 and 7-122, Rule No. 24.) This was defendant's situation when elected to the office of county attorney, and having successfully passed the next bar examination he was not and is not disqualified to hold that office under R. S. 19-701.

The judgment of the district court is affirmed.