Mr. Kerwin Spencer Sumner County Attorney Sumner County Courthouse 500 North Washington Wellington, Kansas 67152-0497
Dear Mr. Spencer:
As attorney for Sumner county, you request our opinion regarding whether a person may concurrently serve as a member of the council for a city of the second class and as a member of the board of trustees for a hospital owned by the city.
As a city of the second class having a mayor-council form of government, the qualifications applicable to members of the Wellington city council are set forth in K.S.A. 14-109, 14-204, and 14-205. Statutes regarding the qualifications and authority of the board of trustees for a hospital owned by the city are set forth in K.S.A. 14-601 et seq. Upon review of the applicable statutes, we find no statutory prohibition to a person concurrently serving in both capacities.
Even in the absence of express prohibitions against the holding by one person of more than one office at the same time, there is a well-established limitation on the right to do so. This limitation operates upon offices that are in their nature incompatible, for it is a settled rule of the common law that a public officer cannot hold two incompatible offices at the same time. 63A Am.Jur.2d Public Officers andEmployees sec. 65 (1984).
In the early case of Abry v. Gray, 58 Kan. 148 (1897), the Kansas Supreme Court adopted the essential language of 19 American and English Encyclopedia of Law, 562, as follows:
 "The incompatibility which will operate to vacate the first office must be something more than a mere physical impossibility of the performance of the duties of the two offices by one person, and may be said to arise when the nature and duties of the two offices are such to render it improper, from considerations of public policy, for one person to retain both." Abry, at 149.
Subsequently, in Dyche v. Davis, 92 Kan. 971 (1914), the court held:
 "Offices are incompatible when the performance of the duties of one in some way interferes with the performance of the duties of the other. This is something more than a physical impossibility to discharge the duties of both offices at the same time. It is an inconsistency in the functions of the two offices." Dyche, 92 Kan. at 977.
General authorities also provide practical guidance on the types of interference which give rise to incompatibility.
 "Incompatibility is to be found in the character of the two offices and their relation to each other, in the subordination of one to the other, and in the nature of the duties and functions which attach to them. . . . Two offices or positions are incompatible if there are many potential conflicts of interest between the two, such as salary negotiations, supervision and control of duties, and obligations to the public to exercise independent judgment. . . . Incompatibility has been said to exist when there is a built-in right of the holder of one position to interfere with that of the other, as when the one is subordinate to, or subject to audit or review by, the second; obviously, in such circumstances, where both posts are held by the same person, the design that one act as a check on the other would be frustrated." 63A AmJur2d Public Officers and Employees sec. 78 (1984) (emphasis added).
It is further provided in 63A AmJur2d Public Officers and Employees
sec. 80 (1984):
 "One of the most important tests as to whether offices are incompatible is found in the principle that the incompatibility is recognized whenever one is subordinate to the other in some important and principal duties, and subject in some degree to the other's revisory power. In order for two offices to be incompatible, they must be subordinate, one to the other, and they must, per se, have the right to interfere, one with the other. Thus, two offices are incompatible where the incumbent of the one has the power of appointment to the other office or the power to remove its incumbent, even though the contingency on which the power is exercised is remote." (Emphasis added.)
Under authority of section 14-602 of the revised statutes of Kansas, 1935, the governing body of the city of Wellington established a city hospital. Upon establishment of a city hospital, the governing body of a city of the second class was authorized to appoint three citizens of the city who would initially serve as the board of trustees for the municipal hospital. Pursuant to K.S.A. 14-604, the trustees are thereafter subject to election. The governing body of the city may increase the number of members of the board of trustees and provide for the appointment or election of the new members. Id. Also, the governing body has authority to appoint members filling vacancies on the hospital board. K.S.A. 14-606. Pursuant to K.S.A. 14-605:
 "The board of trustees shall make and adopt such bylaws, rules and regulations for their own guidance and for the government of the hospital as may be deemed expedient for the economical and proper conduct thereof not inconsistent with this act and the ordinances of the city. They shall have the exclusive control of the expenditure of all moneys collected to the credit of the hospital fund and the purchase of site or sites, the purchase or construction of any hospital building or buildings, and of the supervision, care and custody of the grounds, rooms or buildings purchased, constructed, leased or set apart for that purpose. . . . The board of hospital trustees shall have power to appoint a suitable administrator and necessary assistants, and fix their compensation, and shall have power to remove such appointees, and to do all and everything necessary to properly conduct such hospital. . . . The board may also expend funds deemed necessary in the recruitment or retention of professional staff including, but not limited to, the purchase of professional liability insurance for such staff.
 "Such board of hospital trustees shall hold meetings at least once each month and shall keep a complete record of all its proceedings. One of such trustees shall visit and examine the hospital at least twice each month, and the board shall, during the first week in January of each year, file with the governing board of the city, a report of the proceedings with reference to such hospital and a statement of all receipts and expenditures during the year, and shall at such time, certify the amount necessary to maintain, equip and improve the hospital for the ensuing year." K.S.A. 14-605 (emphasis added).
In Attorney General Opinion No. 83-11, it was determined that both state statute and the common law doctrine of incompatibility of offices precluded a person from concurrently serving as a county commissioner and as a member of the board of trustees for a county hospital. In determining that the duties and functions of the two offices were inherently inconsistent and repugnant, it was emphasized that the hospital board was subordinate to the board of county commissioners, in part as the board of county commissioners had authority to expand the membership of the hospital board and appoint members of the hospital board. The authority to modify the size of the board of trustees, "of course, results in the board of county commissioners having the authority to increase or diminish the potential influence and strength of an individual trustee, depending on whether the number of trustees on the board is decreased or increased." Attorney General Opinion No. 83-11.
As noted above, the hospital board is required to file reports with the governing body of the city. Also, the governing body of the city has the authority to modify the size of the hospital board and to fill vacancies occurring on the board. We acknowledge that the actual exercise of this authority may occur remotely. However, it is the existence, rather than the operation, of such power which makes two offices incompatible. It is our opinion that the offices of councilperson for a city of the second class and trustee for the city hospital are incompatible. The common law doctrine of incompatibility of offices precludes a person from concurrently serving in both offices.
Very truly yours,
 ROBERT T. STEPHAN Kansas Attorney General
 Richard D. Smith Assistant Attorney General
RTS:JLM:RDS:jm