The Honorable Tom Sawyer Office of the Minority Leader 1041 S. Elizabeth Street Wichita, Kansas 67213
Dear Representative Sawyer:
You request our opinion regarding the issue of whether Bill Lewis, Chairman of the Pooled Money Investment Board (PMIB) can simultaneously serve as acting Director of Investments for the Board. The legal staff of the Department of Administration provided this office with information on the status of Chairman Lewis as acting Director. Because we do not act as fact-finders when issuing formal opinions, we necessarily accept as accurate and complete the information provided in connection with an opinion request.
During the 1996 legislative session, Senate Bill No. 476 created the position of Director of Investments and specified the duties to be performed by the Director. Senate Bill No. 476 also increased the number of members on the PMIB from five to six, (we note Senate Bill No. 282 reduces the number of members back to five) and authorized the Governor to select one PMIB member to serve as chairman. K.S.A. 1996 Supp. 75-4221a(a). PMIB members are paid compensation allowances, mileage and other expenses. K.S.A. 1996 Supp. 75-4221a(c). The PMIB appoints the Director of Investments who "shall be in the unclassified service under the Kansas civil service act." K.S.A. 1996 Supp. 75-4222(b). New section 1 of Senate Bill No. 476 states that "all monies in the state treasury [with one exception] shall be invested as a single portfolio which is hereby designated the pooled money investment portfolio." K.S.A 1996 Supp.75-4234(a). The PMIB retains "jurisdiction and control" of these state monies, K.S.A. 1996 Supp. 75-4222(h), and promulgates rules and regulations for the investment and reinvestment of state monies by the Director of Investments. K.S.A. 1996 Supp. 75-4232, 75-4236. The PMIB is required to periodically contract for a performance review of the pooled money investment portfolio, and "shall contract for the services of an external investment advisor to provide advisory services concerning the investment policies and practices of the pooled money investment portfolio." K.S.A. 1996 Supp.75-4234(b) and (c). The Director of Investments' precise duties have been codified in Article 42 of Chapter 75 and in K.S.A. 1996 Supp. 12-1677a, 12-3734,40-3406 and 44-712.
According to Department of Administration legal staff, Governor Graves appointed Bill Lewis to be Chairman of the PMIB. During the PMIB's May 31, 1996, meeting, the PMIB voted to grant "all the powers necessary to perform the duties of the Director, without compensation. . ." to Chairman Lewis. Minutes of the May 31, 1996, meeting. Chairman Lewis was designated to act "in lieu of" the Director of Investments and was given the authority to delegate certain of the Director's functions as he "deemed necessary." Id. Chairman Lewis has since delegated the daily investment transactions to Scott Miller, an employee of the PMIB.
There are no constitutional or statutory provisions which prevent the Chairman of the PMIB from also acting as Director of Investments. (We note, however, that with the passage of 1997 Senate Bill No. 282, the Chairman cannot be employed by the PMIB within one year after terminating his Board position.) Neither are there any provisions specifically authorizing the simultaneous performance of both functions. Thus, the common law doctrine of incompatibility of offices may be invoked if the two positions are potentially incompatible.
 "Incompatibility is to be found in the character of the offices and their relation to each other, and in the subordination of the one to the other, and in the nature of the duties and functions which attach to them. They are generally considered incompatible where such duties and functions are inherently inconsistent and repugnant, so that because of the contrariety and antagonism which would result from the attempt of one person to discharge faithfully, impartially, and efficiently the duties of both offices, considerations of public policy render it impossible for an incumbent to retain both." 63A Am.Jur.2d Public Officers and Employees § 78 (1984).
Kansas has adopted the doctrine of incompatibility, and extended its application to situations where one position is a public office and one is public employment. Dyche v. Davis, 92 Kan. 971, 977 (1914). Attorney General Stephan interpreted Dyche as limiting the circumstances in which a public office and public employment can be found to be incompatible to positions where "compensation is fixed by public authority and is made payable out of public funds. . . ." Dyche v.Davis, 92 Kan. at 977; Attorney General Opinion No. 91-15. This office has applied the doctrine of incompatibility when one of the two public positions received only "expenses incurred" while attending to government business. Attorney General Opinion No.95-113. Other states, including Wyoming (Haskins v.State ex rel. Harrington, 516 P.2d 1171,1179 [Wy. 1973], "the question. . . is not a matter of definition of the office but a question of the public interest to be served"), Maryland (Haptic v. County Commissioners ofAnne Oriental County, 159 A.2d 642, 645 [Md. 1960], "[t]he cases ground the public policy prohibition on the need for impartial official action, without suspicion of bias which may be against public interest"), Wisconsin, North Dakota and Rhode Island, have likewise extended the doctrine to positions of public employment.
The Court in Dyche has generally proscribed dual office holding where "the performance of the duties of one in some way interferes with the performance of the duties of the other. This is something more than a physical impossibility to discharge the duties of both offices at the same time. It is an inconsistency in the functions of the two offices." Dyche v. Davis,92 Kan. at 977. Incompatibility is thus recognized whenever one position is "subordinate to the other in some important and principal duties, and subject in some degree to the other's revisory power." 63A Am.Jur.2d Public Officersand Employees § 80 (1984). Subordination includes the right of one position to appoint the other. Id. Incompatibility can be found even where one office is held for a very brief period of time. Moore v. Wesley,125 Kan. 22, 23 (1928).
Our first inquiry is whether Chairman Lewis is, in fact, serving in dual capacities. The common law doctrine of incompatibility of offices may be analyzed and applied only if Chairman Lewis is holding dual public positions. Dyche v. Davis, 92 Kan. at 977. The pertinent facts are that Chairman Lewis was designated to act "in lieu of" the Director of Investments and that he may delegate certain functions as he "deems necessary;" he has apparently done so. The language "in lieu of" does not, however, negate the fact that the PMIB has granted Chairman Lewis all powers of the Director of Investments. The decision to delegate or retain these powers is fully within his discretion, which can be exercised at any time he "deems necessary." Even after Chairman Lewis has made a delegation of certain functions, there is no provision by the PMIB preventing Chairman Lewis from reassuming these functions or exercising oversight of his delegees. When the courts and the Attorney General have performed analyses of two public positions to determine incompatibility, it is the nature and duties or the functions of the two positions which are the focus of the analysis. Abry v. Gray,58 Kan. 148, 149 (1897); Attorney General Opinion No. 79-251 ("[d]etermination of incompatibility, as a matter of law, requires a factual comparison of the duties and functions of the respective positions.") Further, it is the "existence, rather than the operation" of the powers which determines incompatibility between two offices. Attorney General Opinion No. 93-29. McQuillin has cautioned that the personal qualities of the office holder are not relevant to the inquiry, "the doctrine applies inexorably if offices come within it." 3 McQuillin, Municipal Corporations, § 12.67 at 343. As stated above, public policy underlying the doctrine demands that holders of dual offices be free to make independent judgments; the ability to "abstain from discussing, participating in or voting on" certain matters does not insulate a dual office holder from a determination of incompatibility. Attorney General Opinion No. 81-214. It is our opinion that, for purposes of analyzing the incompatibility of the two offices at issue, Chairman Lewis' assumption of all powers of the Director of Investments qualifies as a second, public position.
The second inquiry is whether the two positions constitute public offices or public employment and, if one is a position of public employment, are both positions compensated from public funds? The Kansas Supreme Court has distinguished a public officer from a public employee in that "responsibility for results is upon one and not upon the other. There is also upon an officer the power of direction, supervision and control." Miller v. Ottawa County Comm'rs, 146 Kan. 481,484 (1937). The Court added to this definition inDurflinger v. Artiles, 234 Kan. 484, 502-503 (1983) by citing Black's Law Dictionary (5th ed. 1979): "Essential characters of `public office' are (1) authority conferred by law, (2) fixed tenure of office, and power to exercise some portion of sovereign functions of government (citation omitted)." Another element inBlack's definition is that "duties must be performed independently without control of superior power other than law." Id. The position of Chair of the PMIB is appointed by the Governor, has jurisdiction and control over state funds and promulgates rules and regulations in the oversight of these funds. This position qualifies as a public office. The Director of Investments is authorized to act according to the rules and policies set by the PMIB, the PMIB periodically reviews the performance of the investments made by the Director, retains jurisdiction over the funds the Director invests and, in at least one function, the Director cannot act without approval of the PMIB. K.S.A. 1996 Supp. 75-4212a. No sovereign powers have been bestowed on the Director of Investments; his investment actions are limited by regulation and control of the PMIB. This position meets the criteria for public employment, rather than a public office.
Chairman Lewis, as a member of the PMIB, is entitled by law to compensation from public funds. However, the PMIB granted the Director's powers to Chairman Lewis without compensation. As a public position with the state of Kansas, the position is entitled to be compensated from public funds. 29 U.S.C. § 206; K.S.A.75-2935b. Again, the focus is on the position, itself, not the decision of the PMIB to withhold compensation from Chairman Lewis. The Court in Dyche stated that an incumbent is "entitled to the compensation provided [for each public position]" (Dyche v. Davis,92 Kan. at 977), thereby subjecting the two positions to an incompatibility analysis. Congdon v. Knapp, 106 Kan. 206,207 (1920). Moreover, the underlying policy behind the doctrine is to insure both positions are free to make independent decisions (Attorney General Opinion No. 89-77); merely withholding the compensation from one position does not satisfy this public policy concern.
The final inquiry in response to your request is whether the office of Chairman of the PMIB and the position of Director of Investments are incompatible. As to the element of subordination, the PMIB has the authority to hire the Director of Investments (see
Attorney General Opinion No. 91-15); the PMIB promulgates and reviews the regulations and policies which the Director must follow in investing state monies; the PMIB must grant the Director its approval for actions taken when the operating accounts balance is insufficient; the board retains jurisdiction and control of state monies which the Director invests. The PMIB exercises revisionary powers over the Director when it changes policies and procedures in order to change the Director's investment strategies and when it withholds its approval where approval is required for the Director to take action. Incompatibility exists where an advisory board's decisions are subject to review and approval by a governing body, which places the member of the governing body in the inconsistent position of passing judgment on his or her own decisions. Attorney General Opinion No. 89-77 ("[t]wo offices are incompatible when one individual, acting in one capacity, is empowered to pass upon his decisions which were rendered in the other official capacity."). It is our opinion that, even under the circumstances presented, the office of Chair of the PMIB is incompatible with the position of Director of Investments.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Nancy L. Ulrich Assistant Attorney General
CJS:JLM:NLU:jm