No. 19,689.

THE STATE OF KANSAS, ex rel. JAMES M. MEEK, as
County Attorney, etc., *Appellant,* v. THE CITY OF
KANSAS CITY, KANSAS, *Appellee.*

### SYLLABUS OF THE COURT.

CITIES OF FIRST CLASS—*Annexation of Adjacent Territory—
Construction of Statute.* Section 1220 of the General Stat-
utes of 1909, which authorizes cities of the first class by or-
dinance to extend their corporate limits so as to include any
tract of unplatted land not exceeding twenty acres whenever
the same "is so situated that two-thirds of any line or
boundary thereof lies upon or touches the boundary-line of
such city," means whenever two-thirds of any single
boundary-line or side of such tract lies upon or touches the
boundary-line of such city; the word "any" being construed
as used in the sense of one indifferently, out of an indefinite
number.

Appeal from Wyandotte district court, division
No. 2; FRANK D. HUTCHINGS, judge. Opinion filed
November 14, 1914. Affirmed.

*James M. Meek,* county attorney, for the appellant;
*J. E. McFadden,* and *O. Q. Claflin, jr.,* both of Kansas
City, of counsel.

*Richard J. Higgins,* and *W. H. McCamish,* both of
Kansas City, for the appellee.

The opinion of the court was delivered by

PORTER, J.: In this case the state, on the relation of
the county attorney of Wyandotte county, questions the
validity of certain ordinances passed by the city of
Kansas City, for the annexation of certain territory to
the city. The court sustained a demurrer to the peti-
tion and rendered judgment in favor of the city, from
which the plaintiff has appealed.

The sole question involves the proper construction
to be placed upon the language of section 1220 of the
General Statutes of 1909, authorizing the extension of
the limits and boundaries of cities of the first class.

The portion of the statute to be construed reads:

"Whenever any land adjoining or touching the limits of any city has been subdivided into blocks and lots, or whenever any unplatted piece of land lies within (or mainly within) any city, or any tract not exceeding twenty acres is so situated that two-thirds of any line or boundary thereof lies upon or touches the boundary-line of such city, said lands, platted or unplatted, may be added to, taken into and made a part of such city by ordinance duly passed."

Our attention has been called to an error in the printed statute which is not of much consequence. The word "or" is substituted for the word "of," as appears from the original draft of the act, which was House bill No. 116. The statute should read: "two-thirds of any line of boundary," instead of "two-thirds of any line *or* boundary." It is the contention of appellant that the statute should be construed to mean two-thirds of the entire boundary of any unplatted tract not exceeding twenty acres; that is to say, that the legislature meant two-thirds of the entire boundary or perimeter of such tract. The trial court upheld the city's contention and construed the statute to mean the same as if it had read: "Having any one side or boundary, two-thirds of which lies upon or touches the boundary-line of such city."

The precise question has never been before the court. Both plaintiff and defendant quote from the language of the court in the opinion in the case of *Chaves v. Atchison,* 77 Kan. 176, 93 Pac. 624, where, in speaking of the provision for annexing territory to cities of the first class, it was said:

"In this act, . . . provision is made for annexing three classes of lands: . . . third, a tract of platted or unplatted land, not exceeding twenty acres in area, having *a boundary-line* two-thirds of which lies upon or touches *the boundary-line* of the city." (p. 177.) (Italics ours.)

The defendant attaches some importance to the use by the court of the expression "a boundary-line two-

thirds of which," etc., while the plaintiff emphasizes the use of the expression, "the boundary-line of the city," as indicating a construction favorable to the contention of the state. As remarked, the question here presented was not before the court at that time. Tracts of land in Kansas are usually four-sided; sometimes, but not often, they are three-sided. The several tracts annexed by the ordinances in this case are each four-sided. None of the tracts, however, forms a square or parallelogram. Ordinance No. 11,965 annexed a tract the western boundary of which is a straight line adjoining the city for a distance of 1340 feet. Ordinance No. 11,979 annexed a tract the western boundary of which is a straight line 1750 feet in length, lying upon and touching the boundary-line of the city. Ordinance No. 11,996 annexed a tract the western boundary of which is a straight line 2040 feet in length, touching the boundary-line of the city. The Missouri river forms the north boundary-line of each tract; the south boundary of each being the right-of-way of the Missouri Pacific railway, which runs in a northwesterly direction.

We think the contention of the city must be sustained, and that the only reasonable construction to be placed upon the language of the statute is that the legislature meant two-thirds of any single boundary where the tract contains less than twenty acres. "Any line of boundary" means, of course, the same thing as "any boundary-line." The construction contended for by appellant requires us to ignore entirely the use of the word "any." In construing statutes the courts have given different meanings to this word, according to the sense in which it is used, as determined by the context. In many cases "any" has been construed to mean the same as "every." On the other hand, "any" has often been held to mean any one out of a number. (See 1 Words and Phrases, pp. 412 *et seq.*) The first definition given by Webster's International Dictionary is: "One indifferently, out of an indefinite number; one indefinitely, whosoever or whatsoever it

The State, *ex. rel.*, v. Kansas City.

may be." It was undoubtedly used, we think, in the latter sense in the statute under consideration. Had it seen fit, the legislature might have provided that a tract of this character should not be annexed unless two-thirds of its entire boundary touched the boundary-lines of the city; but had that been the intention, it would doubtless have used language more appropriate, and would not have used the word "any" in reference to boundary-lines. Besides, if such had been the intention, the legislature would hardly have made provision for a third classification of tracts of land, because it seems apparent that where two-thirds of the entire boundary of a tract of land adjoins a city, the tract must lie mainly within the city, and it would then fall within the second class, which provides that "whenever any unplatted piece of land lies within (or mainly within) any city," it may be taken into the city by ordinance. Aside, therefore, from the force which must be given to the words "any boundary-line," the fact that the legislature saw fit to make a separate classification for tracts of land not exceeding twenty acres satisfies us that the construction given to the statute by the trial court is the correct one.

The judgment is affirmed.