G. F. CHAVES, *for himself and others having a common and similar interest*, v. THE CITY OF ATCHISON *et al.*

No. 15,347.   (93 Pac. 624.)

SYLLABUS BY THE COURT.

MUNICIPAL CORPORATIONS—*Annexation of Territory—Right to Question Validity of Proceedings.* The validity of proceedings taken by city officers under statutory authority extending the corporate boundaries of a city so as to annex a tract of land can only be questioned in a direct proceeding prosecuted at the instance of the state by proper public officers. The case of *Topeka v. Dwyer*, 70 Kan. 244, 78 Pac. 417, followed.

Error from Atchison district court; BENJAMIN F. HUDSON, judge.   Opinion filed January 11, 1908.   Affirmed.

*Henry Elliston,* for plaintiff in error.

*W. A. Jackson,* city attorney, for defendants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: In this case G. F. Chaves, for himself and others similarly situated, questions the validity of the annexation of territory to the city of Atchison. The question arises on a ruling sustaining a demurrer to his amended petition, in which it was alleged that in 1860 the land was platted and annexed to the city as "Spring Garden addition" but subsequently the addition was vacated and restored to the condition of unplatted land. Later several attempts were made again to bring the land within the city, which the courts held to be ineffectual. Still later, and on August 18, 1905, the mayor and council of the city passed an ordinance in due form which treated the tract as platted territory and purported to annex it to the city. The ordinance was approved and published. Since that time the officers of the city have assumed that the tract is within the corporate limits, and claim the right to exercise

authority and control by establishing lights, opening and working streets and alleys, building walks, assessing real and personal property, and exercising the same dominion and control over the land which they might if it were legally brought within the limits of the city. Chaves owns and resides upon the tract of land so annexed, and he asks that the city and its officers be enjoined from imposing city taxes on persons and property upon the land in question, and from improving or controlling the streets, walks or highways of the addition, and from exercising authority and control as if it were a part of the city.

The theory of the court in sustaining the demurrer to the petition is said to have been that the corporate organization of the city, including the extension of its limits, could not be questioned in a collateral proceeding, nor at the suit of private parties. Specific legislative authority has been given for extending the corporate boundaries of cities of the first class so as to include adjoining territory and make it a part of the city. (Laws 1903, ch. 122, § 9.) In this act, the validity of which is not challenged, provision is made for annexing three classes of lands: First, land adjoining or touching the city limits which has been subdivided into blocks or lots; second, any unplatted land lying within or mainly within the city; third, a tract of platted or unplatted land, not exceeding twenty acres in area, having a boundary-line two-thirds of which lies upon or touches the boundary-line of the city. It thus appears that there is statutory authority for adding territory to the city. It is empowered to take in either platted or unplatted land, in large or small tracts—lands which lie wholly or mainly within the city limits, and lands which lie upon or touch its boundaries. It is alleged, it is true, that the tract was not legally annexed, but there is undoubted jurisdiction in the mayor and council to make a legal annexation by the passage of an ordinance. An ordinance has been passed in fair form pur-

12—77 KAN.

porting to enlarge the boundaries of the city and making the addition in question a part of the city, and since that time the city has been exercising municipal authority over the addition and the people residing there.

The validity of the corporate existence of the city, as originally organized or as reorganized by the extension of its boundaries, cannot be questioned by private parties. It has been held that the extension of corporate limits to include new territory, under statutory authority, is, in effect, a reorganization of the city; that the act of annexation involves the corporate integrity of the city and is not open to collateral attack, and that its validity cannot be questioned by any party other than the state any more than can the validity of the original organization of the city. (*Topeka v. Dwyer*, 70 Kan. 244, 78 Pac. 471.) In that case the question presented here was examined with great care, the prior decisions of our own and other courts were cited and considered, and what was there said must be regarded as decisive of the case at bar. In the still later case of *Railway Co. v. Lyon County*, 72 Kan. 16, 82 Pac. 519, 84 Pac. 1031, the same principle was affirmed and applied. We are therefore not warranted in considering whether the steps taken to bring the tract of land into the city were legal or not. The objections which the plaintiff makes can only be considered in a direct proceeding prosecuted at the instance of the state by the attorney-general or county attorney.

The judgment is affirmed.