No. 18,740.

F. J. PRICE et al., *Appellants,* v. THE CITY OF MCPHERSON et al., *Appellees.*

### SYLLABUS BY THE COURT.

1. PAVING STREET—*Resolution by City Council—Protest Must be Filed within Twenty Days after Resolution is Passed.* When the mayor and council of a city of the second class have duly passed and published a resolution that it is necessary to pave, macadamize and curb a certain street of the city, and the resident owners of property liable to taxation therefor do not, within twenty days after the last publication thereof, protest against such improvement, then the city has power to cause such improvement to be made.

2. SAME—*Jurisdiction to Make Improvement Not Lost by Nine Months' Delay.* A delay of nine months after such publication does not deprive the city of jurisdiction to proceed with the improvement, even if a majority of the owners of property liable to taxation therefor shall, before the passage of an ordinance to proceed therewith, protest against such improvement.

Appeal from McPherson district court; FRANK F. PRIGG, judge. Opinion filed April 11, 1914. Affirmed.

*C. M. Williams,* of Hutchinson, for the appellants.

*P. J. Galle,* of McPherson, for the appellees.

Price v. City of McPherson.

The opinion of the court was delivered by

SMITH, J.: This action was brought by the appellants to have it decided, first, that the city of McPherson was without authority to annex certain territory to the city as a part thereof; second, to have it decided that the action of the mayor and council in the premises was null and void; third, that the mayor and council be enjoined from certain contemplated improvements.

It appears without dispute that appellant Price owns, and owned during all the times referred to, a tract of ten or eleven acres of land surrounded on three sides by regularly laid out lots, blocks, streets and alleys and on the fourth side by a public street of the city known as Kansas avenue. The statement of facts as made by the appellants is as follows:

"On the 6th day of May, 1912, the City Council of the City of McPherson, a city of the second class, passed a resolution under Chapter 110 of the Laws of 1911, to pave Euclid Avenue in said city from the West line of the first alley East of Main Street to the East Line of Eshelman Street. Nothing further was done by the Council until the 6th day of January, 1913, when a list of the property owners liable to taxation, for said improvement was reported by one C. W. Bachelor, a bonded abstractor, in said city, reporting that there were Eighty resident property owners liable to taxation for said improvement. Afterwards on the 10th day of February, 1913, the ordinance attached to the petition of Appellant in the court below, was passed (See page 6 Abstract of Record). Within Twenty days after the passage of the said resolution to pave said street a remonstrance was presented to the Council protesting against making said improvement signed by a large number of property owners; According to the testimony of Mr. W. A. Mathis (Page 34 of Abstract), the bonded abstractor, there were eighty property owners liable to taxation and there was thirty-one names counted on the remonstrance (Abstract Page 34). It is admitted that Mrs. Aull, Olof Hedlund, Mrs. C. A. Swanson, were taxpayers liable for taxes for said improvement, also that Mrs. Aull, Mrs. Swanson

and Olof Hedlund, were on the remonstrance and were not counted; that Julia B. Zink and E. T. Zink are husband and wife; that property was deeded to them jointly; that they are resident property owners on said street to be paved, that they both signed the remonstrance but only one of them was counted."

That a sufficient number of property owners liable to taxation for the improvement filed affidavits remonstrating against the improvement after the expiration of the twenty days is immaterial. Section 1 of chapter 110 of the Laws of 1911 provides:

"And if a majority of the resident owners of property liable to taxation therefor shall not, within twenty days from such last publication file with the clerk of said city their protest against such improvements. The sufficiency of the protest shall be determined by the record in the office of the register of deeds at the time of the adoption of the resolution. Then such council shall have power to cause such work to be done or such improvements to be made, and to contract therefor, and to levy the taxes as herein provided."

It is claimed by appellants, in substance, that because the city did nothing further towards the making of this improvement or the passage of an ordinance therefor until February, 1913, about nine months after the passage of the resolution, the city lost jurisdiction to proceed, a majority of the resident taxpayers having in the meantime remonstrated, and that changes in conditions had occurred.

The cases of *The State, ex rel., v. Eggleston,* 34 Kan. 714, 10 Pac. 3, and *Cowles v. School District,* 88 Kan. 603, 129 Pac. 176, are cited as showing by analogy that the city council should have regarded the protest even if filed more than twenty days after the last publication of the resolution. The statute in this case prescribed a certain number of days for the filing of remonstrances. This does not appear to be true of either of the cases cited. Where a provision is made that a certain act shall be authorized by a majority of the taxpayers or

of petitioners without any limitation of the time, the purpose of the law will be interpreted, as in the cases cited, that changes may be made before the petition or remonstrance is acted upon by the proper authority. We do not feel justified, however, in changing the express provision of the statute by interpretation. Neither do we think that the delaying of the improvement for nine months after the first resolution was passed is, as a matter of law, an unreasonable delay by which the city loses jurisdiction to proceed.

Another objection is that when the city of McPherson annexed the plat owned by appellant Price, being the tract known as the "Cottingham Reserve," to the city, it had no authority so to do for the reason that Price had not assented thereto and that the land was not circumscribed by platted territory. When attached to and made a part of cities, additions are platted into lots, blocks, streets and alleys. This plat of land was unquestionably so circumscribed by platted land on three sides; on the fourth side was a street of the city, and we think this meets the requirements of the law.

Whether this be true or not appellant Price has no right to attack the proceedings incorporating the tract. It was said in *Chaves v. Atchison*, 77 Kan. 176, 93 Pac. 624, as follows:

"The validity of proceedings taken by city officers under statutory authority extending the corporate boundaries of a city so as to annex a tract of land can only be questioned in a direct proceeding prosecuted at the instance of the state by proper public officers. The case of *Topeka v. Dwyer*, 70 Kan. 244, 78 Pac. 417, followed." (Syl.)

We think the appellants were not entitled to any of the remedies asked and the judgment is affirmed.