No. 24,501.

THE ST. JOSEPH & GRAND ISLAND RAILWAY COMPANY, *Appellant*, v. SCHOOL DISTRICT No. 2, DONIPHAN COUNTY, *Appellee*.

SYLLABUS BY THE COURT.

1. QUO WARRANTO—*State Only May Challenge Existence or Boundaries of School District.*  The rule that no one but the state can challenge the existence of a governmental corporation or quasi-corporation is applied in an action brought by a railway company attacking the validity of a change of boundaries of a school district so as to take in a part of an interstate bridge owned by it, although no other taxable property was thereby brought into the district.

2. SAME—*Portion of Railroad Bridge May Be Included in Boundaries of School District.*  In the situation stated in the foregoing paragraph it is not a good ground of objection to the change of boundary that the bridge is not capable of affording a residence for pupils.

Appeal from Doniphan district court; WILLIAM I. STUART, judge.  Opinion filed July 7, 1923.  Affirmed.

*J. J. Baker,* of Troy, *Robert A. Brown,* and *Richard L. Douglas,* both of St. Joseph, Mo., for the appellant.

*C. W. Reeder,* of Troy, for the appellee.

The opinion of the court was delivered by

MASON, J.:  In July, 1921, the county superintendent of public instruction made an order undertaking to change the boundary of a school district of Doniphan county bordering upon the Missouri river so that it should include that portion of the St. Joseph & Grand Island Railway bridge across the river which is on the Kansas side of the state line.  The railway company brought this action in the nature of quo warranto asking a judgment declaring the attempted extension a nullity and ousting the school district from the exercise of jurisdiction over the territory undertaken to be added.  A demurrer to the petition was sustained, and the plaintiff appeals.

1. According to the defendant's brief the bridge was treated as being within the district, school taxes being levied and paid on that basis, from the time it was organized, in 1870, until 1921, or shortly before, when the state tax commission held that because the district was described as containing certain sections and fractional sections it extended only to the Kansas bank of the river, and included no part of the bridge. This is not in the record and cannot affect the disposition of the case, although it may serve to explain how the situation presented came about. The order undertaking to extent the territory of the district made the middle of the main channel of the river its eastern boundary, thus taking in the Kansas portion of the bridge in question but no other property save the bed of the stream.

The plaintiff claims the right to maintain the action, notwithstanding the rule (*Miller of Palermo,* 12 Kan. 14) that ordinarily such a proceeding can be brought only by the state, on the ground that no other person or corporation is aggrieved by the change of boundaries. If the avoidance of a multiplicity of actions were the only purpose of the rule the contention would be at least plausible, but it is supported by other considerations. The right to exercise a particular franchise may be challenged by proceedings in the nature of *quo warranto* by one who claims the right in his own behalf (*Campbell v. Sargent,* 85 Kan. 590, 118 Pac. 71), or by a city which has granted it (*Olathe v. Railway Co.,* 78 Kan. 193, 96 Pac. 42), but the principle upon which these exceptions to the general rule are based could hardly be held to extend to the case of a taxpayer although he happened to be at the time the only one whose interests in that connection were adversely affected. Moreover, whatever procedure is adopted the validity of the existence of a governmental corporation or quasi-corporation can not be challenged in the courts by any one but the state, and this restriction applies where the matter in issue is the effectiveness of an attempted enlargement of its territory. (*Elting v. Clouston,* post p. —, decided at this session, and cases there cited.)

2. The plaintiff's contention upon the merits is that the school authorities had no power to extend the boundaries of the district so as to take in the Kansas part of the bridge because such change could extend school benefits to no one and could only have been undertaken for the purpose of providing additional revenue. That

consideration was recognized as a ground of objection in *School District v. Board of Education*, 100 Kan. 59, 163 Pac. 800, but there the controversy was between the school district from which the territory was sought to be taken and the city school organization which undertook to acquire it. Here the bridge was not a part of any school district. There was no more reason for exempting it from school taxation because it was not capable of affording a place of residence for pupils than in the case (for instance) of a strip of railroad right of way.

The judgment is affirmed.