No. 29,965.

Violet Scamahorn et al., *Appellants*, v. H. J. Perry et al., *Appellees*.

(296 Pac. 347.)

Opinion filed March 7, 1931.

*A. J. Herrod,* of Kansas City, for the appellants.

*J. Willard Haynes* and *T. F. Railsback,* both of Kansas City, for the appellees.

The opinion of the court was delivered by

Burch, J.: The action was one challenging validity of the organization of a rural high-school district, challenging right of persons to act as officers of the district in respect to issuing bonds, and praying for their removal from office. Judgment was rendered on the petition against plaintiffs, and they appeal.

Proceedings were instituted to organize a rural high-school district, to locate and authorize purchase of a site, and to authorize a bond issue. An election was held, and the board of county commissioners declared the propositions had carried. The county superintendent called an election, and Perry, Newby and Bingham were elected respectively director, treasurer and clerk. There was some opposition to formation of the district and, at the election of officers, Perry, Newby and Bingham defeated Stotler, Luscombe and Nelson. An action was commenced of the character indicated by nine individuals who described themselves as residents, electors and taxpayers of the district.

It is thoroughly established law that plaintiffs are not qualified to maintain a proceeding to nullify organization of the district.

Stotler, Luscombe and Nelson are not among the plaintiffs, and it is thoroughly established law that plaintiffs are not qualified to maintain an action to oust Perry, Newby and Bingham from office and to seat their opponents. Plaintiffs have no interest in the constitution of the district board different from the interest of the general public, and they must leave the matter of ouster of the officers, if they were not legally elected, to some one authorized by law to represent the general public. (*Hudson v. Conklin*, 77 Kan. 764, 93 Pac. 585.)

So far as plaintiffs are concerned the petition disclosed on its face legal existence of the rural high-school district and legal existence of a school-district board composed of Perry, Newby and Bingham. Plaintiffs contend that even if they may not attack organization of the district, it was permissible for them, as taxpayers, to enjoin an illegal bond issue authorized at the election which created the district. This may be conceded. The statute not only permits submission to electors of a proposition to organize a district, but permits submission at the same election of propositions granting authority to the district, as if organized, with respect to selection of site, purchase of site, and issuance of bonds. In seeking to enjoin issuance of bonds, a taxpayer may not question any step in the proceeding which affects existence of the organization, such as sufficiency of the initial petition, enumeration, notice of election, conduct of election, and result of election. The county attorney or attorney-general must do that. Accepting the fact of organization, the taxpayer may question the bond issue on grounds

which would invalidate a bond issue by a legally organized district, such as invalid notice of election. This distinction was made clear in *Schur v. School District,* 112 Kan. 421, 210 Pac. 1105.

The difficulty with plaintiff's petition is, it did not state a cause of action for injunction against action by the district, or the district board, or the members of the district board in their official capacities, and did not ask for an injunction at all.

In the title of the petition, Perry, Newby and Bingham are named as individuals "claiming to constitute the board of rural high-school district No. 2." This might not be very important, but the body of the petition nowhere challenged corporate or official action. The petition expressly alleged that the purported election of Perry, Newby and Bingham was void and of no effect, for seven different reasons. The prayer was that they be ousted from office, and that their opponents at the district election be declared entitled to the offices. What plaintiffs desired to do was to disorganize the district, and if they could not do that, to oust the members of the district board from office, and in the meantime to prevent Perry, Newby and Bingham from doing anything. The prayer of the petition with respect to restraining Perry, Newby and Bingham from acting read as follows:

"Wherefore, plaintiffs pray that a restraining order issue herein restraining and enjoining the defendants, Perry, Newby and Bingham, from attempting to or transacting any business for or on behalf of the purported rural high-school district No. 2, and from attempting to act or acting as the legally qualified officers of said purported rural high-school district No. 2, and from issuing or attempting to issue any bonds or other evidences of indebtedness against any property located within the boundaries of said purported rural high-school district No. 2, . . ."

A restraining order is not an injunction constituting the final judgment in an action. (R. S. 60-1101.) It is a provisional order, frequently spoken of synonymously with temporary injunction. But a restraining order, if granted, is properly of shorter duration than a temporary injunction. (*State v. Johnston,* 78 Kan. 615, 97 Pac. 790.) In harmony with the prayer plaintiffs filed an application for a temporary injunction on the same day the petition was filed. At the hearing on this application plaintiffs introduced their verified petition, and rested. Defendants produced evidence covering the entire subject of legality of the formation of the district and the election of district officers. The court found that all the proceed-

ings were regular and valid, and the temporary injunction was denied. Thereupon the motion for judgment on the petition was considered. Plaintiffs were granted leave to amend, but they elected to stand on the petition, and judgment was rendered against them. No appeal was taken from the order denying a temporary injunction, and there was nothing left for the court to try.

The judgment of the district court is affirmed.