## No. 29,945.

G. R. SHAFFER et al., *Appellants,* v. THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF FORD et al., *Appellees.*

(299 Pac. 613.)

Opinion filed June 6, 1931.

*F. Dumont Smith, Eustace Smith* and *Arthur T. Symns,* all of Hutchinson, for the appellants.

*H. R. Daigh,* of Ashland, for the appellees.

The opinion of the court was delivered by

BURCH, J.: The action was one by taxpayers in Ford county to enjoin levy and collection of taxes on their land for the benefit of

a rural high-school district embracing territory in Ford and Clark counties, and known as joint rural high-school district No. 2, Clark county. A demurrer to the petition was sustained, and plaintiffs appeal.

The purpose of the action was to defeat tax levies by invalidating organization of the district—something which the state of Kansas failed to do in a direct action commenced on the relation of the county attorney of Ford county. (*State, ex rel., v. Rural High-school District,* 128 Kan. 797, 280 Pac. 892.) The petition told part of the story appearing in the opinion in the state case, and the contention is that on the facts stated the state superintendent had no power, on appeal, to fix the boundaries of the proposed district. The petition disclosed, however, by direct allegation and by necessary inference, that the district is in fact functioning as a rural high-school district within boundaries fixed by the state superintendent in May, 1928, through a rural high-school board which is levying taxes and is about to sell bonds to build a schoolhouse. That being true, these taxpayers may not be heard to say the order of the state superintendent fixing boundaries to include their land was void for want of jurisdiction or for any other reason.

Plaintiffs try to sidestep the numerous decisions of this court which disqualify them to maintain this action by saying they confess there is a *de facto* district in Clark county, and all they want to do is to attack a void order of the state superintendent. Attack a void order of the state superintendent, to what end? To invalidate organization of a district lying in two counties by excluding the land lying in one county. To exclude from the district that part of it which lies in Ford county would be to disorganize the district, and disorganization is a public matter, to be attended to by the attorney-general or the county attorney acting in the name of the state.

Plaintiffs say the decision in the case of *Schur v. School District,* 112 Kan. 421, 210 Pac. 1105, is conclusive in their favor. That the decision in the Schur case is conclusive against plaintiffs is shown in the opinion in *Scamahorn v. Perry,* 132 Kan. 679, 680, 296 Pac. 347. To the list of steps in the organization of a proposed district which taxpayers may not contest, contained in the opinion in the Scamahorn case, may now be added action by the state superintendent in fixing boundaries.

The judgment of the district court is affirmed.