No. 38,035

CARL LAMPE, *Appellant*, v. CITY OF LEAWOOD and the BOARD OF COUNTY COMMISSIONERS OF JOHNSON COUNTY, KANSAS, *Appellees*.

(225 P. 2d 73)

Opinion filed December 9, 1950.

*Raymond H. Carr*, of Mission, argued the cause, and *Rolla W. Coleman*, of Mission, was with him on the briefs for the appellant.

*John W. Breyfogle, Jr.*, of Olathe, argued the cause, and *W. B. Cozad, Clark Kuppinger*, and the firm of *Morrison, Nugent, Berger, Hecker & Buck*, all of Kansas City, Mo., were with him on the briefs for the appellee, City of Leawood.

*John Anderson, Jr.*, county attorney, and *John W. Breyfogle, Jr.*, special counsel, both of Olathe, argued the cause, and were on the briefs for the appellee, The Board of County Commissioners of Johnson County.

The opinion of the court was delivered by

HARVEY, C. J.: The appeal here is from an order of the district court dismissing the appeal of the present appellant from an order

of the board of county commissioners incorporating the city of Leawood, in Johnson county.

The record discloses that on September 22, 1948, a petition to incorporate the city of Leawood as a city of the third class was filed with the board of county commissioners of Johnson county. The proposed corporate limits were described by metes and bounds in the petition and included a total area of 1,013.13 acres. Within this area is a nineteen acre tract owned by appellant, a part of which had been used as a stone quarry and is now suitable to be made into a lake. The remainder of it is suitable for residence purposes. None of it is farm land. The proposed city contained a population of something over 800 people. The petition was signed by a majority of the qualified electors. Due notice was given, as required by statute, and a hearing was had before the board of county commissioners on October 19, 1948. The appellant appeared at that meeting with his attorney and made a request in writing that his land be withdrawn from the corporate limits of the city of Leawood if and when the board should determine that the territory shown by the plat attached to the petition would be incorporated into a city of the third class. On November 30, 1948, the board of county commissioners made an order incorporating the city of Leawood as a city of the third class, with boundaries as described in the petition and the plat which accompanied it. From this order the appellant appealed to the district court. The board of county commissioners and the city of Leawood separately moved the district court to dismiss the appeal. The motions were overruled and the appeal was heard by the court. After a full hearing the court found

"That the proceedings had before the Board of County Commissioners of Johnson County, Kansas, with respect to the incorporation of The City of Leawood were and are regular and valid in all respects and comply with the laws of this state made and provided for the incorporation of a city of the third class as a body politic and corporate."

and made an order dismissing the appeal at appellant's cost. Appellant filed a motion for a new trial, which was overruled and this appeal followed.

The principal legal contention made by appellant is that the petition presented to the board of county commissioners did not correctly and within the meaning of the statute (G. S. 1935, 15-102) set forth the metes and bounds of the "village and commons," but included large tracts of ground, including the appellant's, lying out-

side the statutory territory which might be incorporated. In their brief counsel for appellant cite the common-law definition and use of the word "town" as denoting a collection of towns or hamlets between a village or city, and argue that it must be of limited territorial extent, compact and contiguous, its boundaries clearly defined, and that it should embrace within its area only those having a unity and similarity of interests. They also discuss the meaning of the word "commons" as land included in or belonging to the town, set apart for public purposes, citing early Missouri cases, and conclude that since his property was not owned or used in common by any or all of the inhabitants that it could not be included as a part of the area, which the board of county commissioners was authorized to include in the corporate limits of a city of the third class. We are cited to no case in which the restricted definition of a town has been used in this state. Neither do we find any case where the word "commons" as used in our state is limited to land that had been set apart in or near a city for public use. In *Levitt v. Wilson,* 72 Kan. 160, 83 Pac. 397, the court held:

"The fact that the land was unplatted did not prevent its inclusion as a part of the city; . . ."

In *Mendenhall v. Burton,* 42 Kan. 570, 22 Pac. 558, it was held:

"A body of land containing 13.34 acres, wholly within the limits of a city, although never divided into blocks, lots, streets, alleys, etc., is subject to city taxation, although a part of it is used for agricultural purposes. . . ."

Both of these cases were cited with approval in *Wellman v. City of Burr Oak,* 124 Kan. 780, 783, 262 P. 2d 607.

Appellant's difficulties lie deeper than the ancient definition of the words "town" and "commons." The creation of a municipal corporation, or the changing of its boundaries, is a legislative function. Appellant concedes this to be true. The exercise of the legislative functions of the board of county commissioners in incorporating a city of the third class is a matter which may not be appealed to the district court. (See, *Town of Olsburg v. Pottawatomie County,* 113 Kan. 501, 215 Pac. 451.) More than that, in this jurisdiction actions to inquire into the validity of the proceedings creating a municipal corporation, or modifying its boundaries, cannot be maintained by a private individual. They can be prosecuted only by the state acting through one of its proper officers, such as the county attorney or the attorney general. All the Missouri cases cited by appellant are "State, ex rel." cases.

Our latest case dealing with that subject is *Smith v. City of Emporia,* 168 Kan. 187, 211 P. 2d 101, where many of our earlier cases are cited. The case is printed also in 13 A. L. R. 2d 1272, where an extensive note (p. 1279) on "Capacity to attack the fixing or extension of municipal limits or boundary," digests decisions from many states as well as our own and in harmony with them.

We find no error in the record. The judgment of the trial court is affirmed.