No. 40,741

In the Matter of the Estate of Gustafva Bengston, Deceased. RHODA M. SWENSSON, et al., *Appellants,* v. E. L. JOHNSON, Executor, et al., *Appellees.*

(320 P. 2d 800)

Opinion filed January 25, 1958.

*Evart Mills,* of McPherson, argued the cause and appeared on the briefs for the appellants.

*L. H. Ruppenthal,* of McPherson, argued the cause and appeared on the briefs for appellee and cross-appellant E. L. Johnson, and *James A. Cassler* and *Charles D. Johnson,* both of McPherson, appeared on the briefs for appellees and cross-appellants Anna Work, et al.

The opinion of the court was delivered by

WERTZ, J.: This appeal presents the basic question of whether the district court had jurisdiction of an appeal from the probate court by the executor of the estate of the deceased administrator of Gustafva Bengston's estate for approval of the administrator's final settlement and accounting, when concededly no appeal bond had been filed.

The facts, insofar as are pertinent to the determinative issue involved herein, are as follows:

Gustafva Bengston died intestate on May 31, 1939. Her son Martin J. Bengston was appointed and qualified as administrator of her estate. Martin, as administrator, soon thereafter filed an inventory in his mother's estate. No further action with reference to an accounting was taken by him. On August 6, 1955, upon petition of Rhoda Swensson, one of Gustafva's daughters, the probate court ordered and directed Martin to file a final accounting of his administration in Gustafva's estate. On September 12, Martin filed his "Petition for Allowance of Final Account and Distribution." Rhoda filed her written defenses, challenging the correctness of the accounting, alleging that Martin as administrator claimed credit for items and disbursements to which by law he was not entitled and that he failed to show all the assets of the estate, and asking that an examination be made of all of Martin's accounts.

Martin Bengston died on September 19, 1955, before a hearing could be had. E. L. Johnson (appellee herein) was appointed executor of Martin's estate, and the hearing on Martin's petition for final accounting was continued until November 9. On that day, Johnson, as executor of Martin's estate, appeared, in accordance with the provisions of G. S. 1949, 59-1712, to prove the petition for final settlement and allowance and for final distribution previously filed by Martin. A full hearing was had, and on July 26, 1956, the probate court entered its order and judgment approving the accounting and final settlement, with the following exceptions:

The court disallowed and charged to Martin an item of $1211.11 and another item of twenty-five dollars, and charged Martin with $500 interest for his use of the estate funds.

The court further found that Martin had commingled the estate funds with his own and had otherwise breached the duties of his trust, and that,

therefore, he was not entitled to compensation for his services or an allowance for attorney fees.

Johnson, as executor of Martin's estate, and several of Gustafva's heirs, not including Rhoda Swensson, filed notices of appeal to the district court from the probate court order charging Martin and his estate with the mentioned items. No appeal bond was filed in the probate court by either Johnson or any of the appealing heirs.

When the case came on for trial in the district court, Rhoda M. Swensson moved to dismiss the appeal on the grounds that it was not brought on behalf of Gustafva's estate but for the personal benefit of Martin J. Bengston and his estate; that Johnson, as its executor, was not a fiduciary of Gustafva's estate; and that the court had no jurisdiction of the matter for the reason that there had been no appeal bond filed. The court took Rhoda's motion to dismiss under advisement and proceeded with the hearing. At the conclusion of the evidence, Rhoda renewed her motion to dismiss, which the court again took under advisement. On January 8, 1957, during the October, 1956, term of court, Rhoda's motion was sustained and the appeal was dismissed. Thereafter and within the same term, Johnson filed a motion for a new trial. The October, 1956, term of court expired on January 13, 1957, the new term opened on January 14, 1957, and a new judge took the bench. On March 9, the court sustained Johnson's motion for a new trial. It is from this order that Rhoda M. Swensson appeals to this court.

Appellant Rhoda contends that Johnson's appeal to the district court was for the sole benefit of Martin's estate and that since no appeal bond had been filed, the district court obtained no jurisdiction of the cause.

G. S. 1949, 59-2405, insofar as is pertinent, reads as follows:

"To render the appeal effective: . . . (2) The appellant, other than the state or municipality or *a fiduciary appealing on behalf of the estate*, shall file in the probate court a bond in such sum and with such sureties as may be fixed and approved by the probate court, conditioned that he will without unnecessary delay prosecute the appeal and pay all sums, damages, and costs that may be adjudged against him." [Emphasis supplied.]

From the wording of the statute, it is clear that, subject to the specified exceptions, an appeal bond is essential to render effective an appeal from the probate court to the district court and to confer jurisdiction on the latter. The statute was designed to relieve a

fiduciary from giving bond only when appealing in his representative capacity for the benefit of the estate. (*Elliott v. Baird*, 102 Kan. 317, 169 Pac. 1149.) If the appeal is taken for the personal profit and advantage of the fiduciary or in opposition to the interest of the estate, the appeal bond is required.

In the instant case, the appeal was essentially from an order of the probate court disallowing certain credits claimed by Martin as administrator, charging him with an interest fee and disallowing his claim for personal compensation and attorney fees. As a result of the probate court order, Gustafva's estate was augmented by the mentioned sums and Martin's estate was correspondingly charged therewith. It is apparent that the purpose of the appeal was to protect and benefit Martin's estate.

The great weight of authority appears to hold that where a fiduciary appeals to protect his individual interest, which interest is in opposition to and antagonistic to the interest of the estate he represents, he must give an appeal bond, as must any other litigant. (*Elliott v. Baird*, supra; *Estate of Mallory v. B. & M. R. Rld. Co.*, 53 Kan. 557, 36 Pac. 1059; 3 Bartlett "Kansas Probate Law and Practice" [Rev. Ed.], § 1571, p. 374; 104 A. L. R., Anno., pp. 1192-1197; 41 A. L. R. 2d, Anno., p. 1363.) In the present case, the appeal was taken for the personal profit and advantage of the administrator and in opposition to the interest of Gustafva's estate, and the statutory exemption from the appeal bond requirement did not apply.

This result is not changed by the fact that Johnson, as executor of Martin's estate, actually processed the appeal. The statutory exemption (59-2405) for fiduciaries appealing on behalf of the estate can apply only to fiduciaries of the estate before the probate court from which the appeal is taken. Martin was the fiduciary of the estate before the probate court. In appealing from the judgment of the probate court, Johnson, as Martin's executor, could have secured no greater rights than Martin would have had, had he lived to process the appeal.

One phase of the mentioned appeal statute (59-2405) was thoroughly discussed in *In re Estate of Freshour*, 177 Kan. 492, 280 P. 2d 642, wherein we said that in order for an appeal from the probate court to the district court to be effective, thus vesting the district court with jurisdiction, it is necessary that the party appealing comply with the requirements of subdivisions (1) and (2) of the appeal statute, G. S. 1949, 59-2405. One of these requirements

is posting a bond. Jurisdiction of the subject matter of an action is vested by statute and cannot ordinarily be conferred on a court by consent, waiver or estoppel. In the instant case, the subject matter of the action was the administrator's petition for allowance of final account and distribution, over which the probate court had sole and original jurisdiction. (G. S. 1949, 59-301.) The district court could acquire jurisdiction of the cause only under and by virtue of the appeal statute, *supra*. In this case, the statutory bond was essential to render the appeal effective. Without the bond, the district court acquired no jurisdiction to try the case.

Inasmuch as no appeal bond was filed, the district court obtained no jurisdiction of the subject matter of the appeal and it was properly dismissed. Any further orders made by that court would have of necessity been nullities. Consequently, it had no jurisdiction to grant a new trial. The case is reversed and remanded with directions to the trial court to set aside its order granting a new trial.

It is so ordered.

SCHROEDER, J., not participating.