No. 48,605

STATE OF KANSAS, *ex rel.,* LEONARD J. DIX, COUNTY ATTORNEY OF ROOKS COUNTY, KANSAS, *et al., Appellants,* v. THE BOARD OF EDUCATION OF THE STATE OF KANSAS, *et al., Appellees.*

(578 P.2d 692)

Opinion filed May 6, 1978.

*Allen Shelton,* of Clark & Shelton, of Hill City, argued the cause and *Kenneth Clark,* of the same firm, and *Leonard J. Dix,* county attorney, were with him on the brief for the appellants.

*Erle W. Francis,* attorney for state board of education and commissioner of education, and *Jerry Smetana,* of Plainville, attorney for U.S.D. No. 270, argued the cause and were on the briefs for the appellees.

The opinion of the court was delivered by

McFARLAND, J.: This is an action to set aside an order of the State Board of Education which transferred 56 sections of land from Unified School District No. 269 to Unified School District No. 270. Both school districts are located in Rooks County, Kansas. Initially the trial court granted the injunction and an appeal was taken thereon. On that appeal the primary issue was the constitutionality of the transfer statute, K.S.A. 72-7108. The constitutionality was upheld in *State, ex rel., v. State Board of Education,* 215 Kan. 551, 527 P.2d 952 (1974), and the case was remanded for further proceedings. On remand the trial court upheld the transfer order and found the State Board of Education did not act arbitrarily, capriciously, unreasonably, or fraudulently. The plaintiffs-appellants have duly perfected this appeal from that determination. The appellants raise a number of points

on appeal, but the central issue is whether or not the transfer order was arbitrary, capricious, unreasonable, or fraudulent.

K.S.A. 72-7108 provides the procedure for transfer of territory from one unified school district to another. In upholding the constitutionality of K.S.A. 72-7108 in the original appeal, we said:

"When territory is transferred the boundaries of the two districts are changed and the integrity of the districts are thus impaired. See *Babcock v. City of Kansas City,* 197 Kan. 610, Syl. ¶ 1, 419 P.2d 882, where it is held the annexation of territory by a city is, in effect, a reorganization of the city. Uninhibited or successive transfers from one school district might well create a situation within such district which would seriously impair the ability of that district to carry on its educational mission. In such case disorganization might be the final result although not within the spirit of the school unification acts. Surely the authority delegated is not that broad.

"Since K.S.A. 72-7108 had its origin in the school unification acts which contain definite guidelines for the organization of unified school districts we believe the school unification acts must be considered as an expression by the legislature of its intention, and provide guidelines for transfer of territory of unified school districts after their initial organization. When statutes are originally enacted at the same session of the legislature as parts of a general act having the common purpose of serving the educational interests of the state they are *in pari materia* and should be read together in ascertaining the legislative purposes for their adoption. In order to ascertain the legislative intent courts should not consider one isolated part of an act but are required to consider and construe all parts thereof *in pari materia.* (*Gnadt v. Durr,* 208 Kan. 783, Syl. ¶ 3, 494 P.2d 1219; *Flowers, Administratrix v. Marshall, Administrator,* 208 Kan. 900, 494 P.2d 1184; *Barten v. Turkey Creek Watershed Joint District No. 32,* 200 Kan. 489, 438 P.2d 732.)

"The present school unification acts contain the following legislative declaration found in K.S.A. 72-6734:

'The legislature hereby declares that this act is passed for the general improvement of the public schools in the state of Kansas; the equalization of the benefits and burdens of education throughout the various communities in the state; to expedite the organization of public school districts of the state so as to establish a thorough and uniform system of free public schools throughout the state whereby all areas of the state are included in school districts which maintain grades one (1) through twelve (12), and kindergarten where desired; and to have a wiser use of public funds expended for the support of the public school system of the state. To these ends this act shall be liberally construed.'

"K.S.A. 72-6744 sets forth further guidelines for the organization of unified ·districts in keeping with the legislative intent expressed in 72-6734. Under 72-6744 each proposed unified district should have an expected enrollment of 400 students in its schools in grades one through twelve. An exception to the 400 student requirement is recognized for a district having no less than 200 square miles of territory and an assessed valuation of $2,000,000.00. Consideration should be given to the grade and curriculum requirements of K.S.A. 72-8212

(formerly 72-6755) and no unified district should be organized in which it is manifestly impracticable to maintain, offer and teach the grades and units of instruction so required. All of the territory within the boundary of any city district should be included in one and only one unified district. There are other statutory guidelines in the school unification acts and the foregoing are not intended to be exhaustive or to cover every situation.

"The transfer statute K.S.A. 72-7108(b) makes reference to the school unification acts where the limitation of contiguity is placed on territory transferred. The statute thereby recognizes its own origin as a part of the overall legislative enactment, the school unification acts." (pp. 557-558.)

We specifically found that the guidelines as to pupil enrollment, district size, and valuation for establishment of a district were equally applicable to transfers under K.S.A. 72-7108. At trial the following facts were undisputed:

The following is a comparison of U.S.D. No. 269 and U.S.D. No. 270 before transfer:

|  | U.S.D. 269 | U.S.D. 270 |
| --- | --- | --- |
| Area (square miles) | 248.5 | 276 |
| Valuation (in millions) | 13.5 | 17.7 |
| Enrollment | 360 | 822 |

The following is a comparison of U.S.D. No. 269 and U.S.D. No. 270 after transfer:

|  | U.S.D. 269 | U.S.D. 270 |
| --- | --- | --- |
| Area (square miles) | 192.5 | 332 |
| Valuation (in millions) | 11 | 20 |
| Enrollment | 300 | 882 |

Minimum guidelines of K.S.A. 72-6744 require:

| Area (square miles) | 200 |
| --- | --- |
| and | |
| Valuation (in millions) | 2 |
| or | |
| Enrollment | 400 |

Viewed fractionally or proportionately, this transfer would detach approximately ¼ of the territory of U.S.D. No. 269 and deprive U.S.D. No. 269 of approximately 1/5 of its total tax base and approximately 1/6 of its total student body.

U.S.D. No. 269 has, prior to transfer, less than the requisite 400 enrollment but is over the area and valuation requirement which allowed the district to be in compliance with the guidelines of K.S.A. 72-6744. Excluding gains from the transfer, U.S.D. No. 270 is substantially over all the minimum requirements of the guidelines. After the transfer U.S.D. No. 269 would be below the

guidelines on both pupils and area, while U.S.D. No. 270 would be even farther over the minimum guidelines.

Uncontroverted evidence was introduced that U.S.D. No. 269 could not survive if the transfer were approved and that the transfer would seriously impair the ability of U.S.D. No. 269 to carry on its educational mission. It was admitted by the Commissioner of Education that this transfer would not result in an equalization of the benefits and burdens of education between U.S.D. No. 269 and U.S.D. No. 270. The State Board gave no consideration to the purposes and limitations contained in the School Unification Acts in making the transfer in this case, and was not aware it had a duty to do so. In the order of transfer the State Board of Education recited that the order "is harmonious with the purposes and provisions of the school unification acts, and that such transfer is not violative of the limitations prescribed by such law." We do not agree.

In harmony with the earlier opinion in this case, we hold that the transfer of territory in contravention of the guidelines set forth in K.S.A. 72-6744 and with no showing of any justification for such contravention is, as a matter of law, arbitrary, capricious, and unreasonable. The trial court erred in not so finding under the evidence before it. By virtue of this determination, other points on appeal need not be considered.

The judgment of the district court is reversed. The State Board of Education is hereby enjoined from transferring the 56 sections of land from Unified School District No. 269 to Unified School District No. 270 and the case is remanded to the trial court to determine if any monies are due either district. It is unclear whether any monies were actually paid pursuant to the order of transfer and hence the remand to resolve, in accordance with this opinion, any pending financial matters.